## Case No. 6,978.

### HYER v. SMITH.

[3 Cranch, C. C. 376.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

SURETY FOR COSTS—ATTACHMENT—WITNESS FEES.

The surety for fees and costs is not liable to attachment for not paying the daily compensation to the plaintiff's witnesses.

Mr. Barrell, the plaintiff's attorney, who had become security for the plaintiff for fees and costs, was attached for not paying the plaintiff's witnesses for their daily attendance in court.

Mr. Swann and Mr. Jones, moved to discharge the attachment, on the ground that the plaintiff's attorney, who was surety for fees and costs, was not liable for the daily compensation allowed by law to the plaintiff's witnesses. See the Maryland Laws, 1715, c. 48, § 12; Id. 1716, c. 20, § 2; Id. 1796, c. 43, § 12.

THE COURT being of that opinion, (nem. con.) discharged the attachment.

---

## Case No. 6,979.

### HYER et al. v. SMITH.

[3 Cranch, C. C. 437.] [1]

Circuit Court, District of Columbia. May Term, 1829.

NEGOTIABLE INSTRUMENTS — ACTION AGAINST DRAWER—ADMISSION BY INDORSER AS EVIDENCE —NEW COUNT—DISCHARGE OF BAIL.

1. An acknowledgment to the plaintiff's counsel, by the indorser, that he indorsed a draft drawn by the defendant, which was not then shown to him, is primâ facie evidence of his indorsement, in a suit against the drawer, and throws the burden of proof on the defendant, to show that there were other drafts drawn by the defendant and indorsed by the same indorser. The declaration averred that the draft was indorsed to the plaintiffs, who were stated to be Hyer and Burdett, "survivors of Bremner." The indorsement, which was in full, was, "to the order of Messrs. Hyers, Bremner, and Burdett." *Held,* that such an indorsement did not support the declaration.

2. If, upon leave to amend, the plaintiff add a count upon a cause of action which could not be given in evidence upon the original declaration as sent out with the writ, or which is not

contained in the affidavit to hold to bail, the bail must be discharged.

[Distinguished in Stone v. Lawrence, Case No. 13,484.]

Assumpsit against the drawer of a draft upon M. S. C. Clarke, indorsed to Hyers, Bremner, and Burdett. The plaintiffs, having proved the handwriting of the defendant [J. C. R. Smith], offered to prove by Mr. Barrell, one of the plaintiffs' counsel, that Mr. Black, the indorser, in conversation with him about this draft, which was then in Mr. Barrell's possession, but which Mr. Barrell did not show to Mr. Black, admitted that he had indorsed the draft.

Mr. Coxe and Mr. Hall, for defendant, objected that such an admission by Mr. Black was not competent evidence of his indorsement, and cited Chit. 498.

Mr. Barrell, contrà, cited Maddocks v. Hankey, 2 Esp. 647; 4 Petersd. Abr. (Ed. 1826) 550; Chit. 289, 311.

Mr. Coxe cited Hemings v. Robson, Barnes, Notes Cas. 436; Chit. 497; Bayley, Bills, 322; Gray v. Palmers, 1 Esp. 135; 4 Bac. Abr. "Merchant," M. 739; Starkie, Ev. pt. 4, p. 249.

CRANCH, Chief Judge, was of opinion that as the draft was not shown to Mr. Black, his admission that he indorsed a draft of Mr. Smith on Mr. Clarke, was not sufficient proof of his indorsement of the draft now produced. But THE COURT thought the indorsement sufficiently proved to throw the burden of proof on the other side, to show that there was another draft of Smith's indorsed by Black.

Mr. Coxe, for defendant, then objected to the admission of the draft in evidence, because the declaration avers that it was indorsed to the plaintiffs, and the plaintiffs are averred to be Hyer and Burdett, "survivors of Bremner;" but the indorsement, which is in full, is, "Pay to the order of Messrs. Hyers, Bremner, and Burdett." 1 Comyn, Dig. p. 53, § 12, tit. "Abatement, E." 12.

Mr. Barrell, contrà, cited 1 Chit. Pl. 6, 12.

Mr. Hall, in reply, cited Webber v. Tivill, 2 Saund. 121d.

THE COURT (THRUSTON, Circuit Judge, absent), was of opinion that the indorsement offered in evidence did not correspond with the averment, and could not be admitted in evidence to the jury upon that declaration. A juror was then withdrawn, and the plaintiffs had leave to amend, upon payment of the costs of the term. The plaintiffs then amended their declaration, which contained only the common money counts, by adding a count upon the bill of exchange.

Mr. Coxe then moved the court to exonerate the bail, on the ground that the new count introduced a new cause of action, upon which the plaintiff could not have recovered upon the old declaration; and cit-

ed the Maryland Act of 1715, c. 46, § 3; Garibaldo v. Cagnoni, 6 Mod. 266; Kerr v. Sheriff, 2 Bos. & P. 358; 1 Petersd. Abr. 396; 3 Petersd. Abr. 289, 291.

CRANCH, Chief Judge (after stating the facts and authorities cited) delivered the opinion of the court (nem. con.) as follows: Upon consideration of these cases, the court is clearly of opinion that if the plaintiff amends his declaration by adding a count upon a cause of action, which could not be given in evidence upon the original declaration as sent out with the writ, or which is not contained in the affidavit to hold to bail, the bail must be discharged. Bail discharged.