Boyd *v.* Eaton.

## ARCHIBALD L. BOYD ET AL. *versus* CHARLES Y. EATON.

Where a stock of goods is sold at a distinct and separate price for each article, and the sale of some of those articles is illegal, an action may nevertheless be maintained for the value of the balance of the sale.

An action having been brought for the value of a stock of goods, and some of the items being for spirituous liquors at separate and distinct agreed prices, the plaintiff may amend by striking out the items of illegal traffic.

REPORTED by HATHAWAY, J.

The facts of the case are fully stated in the opinion of the court.

*S. H. Blake* argued for the plaintiff.

The amendment, whether it be regarded of "form" or "substance," was allowable. Rules of Court, 4 and 5.

In *Tarbell* v. *Dickinson*, 3 Cush. R., 346, the plaintiff had leave to amend by adding the whole bill of particulars to the writ, none having been annexed. And if you may add the whole, may you not strike out the whole; and if you may strike out the *whole*, may you not strike out a portion of it?

In *Soule* v. *Russell*, 13 Met. R., 438, the plaintiff had leave to amend by striking out one count after verdict, the jury agreeing as to one count and disagreeing as to the other.

So that the *amendment* and the *time when* it was made, were well enough.

The account was for goods and merchandise, and it is said that it contained items " contraband of war " under act of 1856, ch. 255, s. 18, but these contraband, illegal articles are now stricken out, so that no claim is made for anything sold in violation of law.  *Towle* v. *Blake*, 38 Maine R., 528; *Cochrane* v. *Clough*, 38 Maine R., 25.

There is no pretence that this was a sale in gross or by the lump—so that the illegal cannot be separated from the legal—constituting one entire contract, the consideration being indivisible, as in *Ladd* v. *Dillingham*, 34 Maine R., 316, but it was a sale of each and every article by itself, every article being separately weighed or measured, and price fixed, the price of the liquor not entering into or mingling at all with the price of the other articles now claimed.

*A. Sanborn* argued for the defendant.

The plaintiffs sold all the articles selected by the defendant from their stock of goods, in the Market House, to him.

It was one entire sale; all the articles of the stock were sold together.  The stock was one—an entirety; so was the sale one—an entirety.

The ale and cherry brandy were parts of the stock, and with the other articles, made up the stock.

The ale and the cherry brandy were intoxicating liquors.

The sale of intoxicating liquors was prohibited by statute, and was therefore illegal.  Laws of 1856, ch. 225, s. 1.

A part of the entire consideration of the defendant's promise was, demonstrably, illegal, and the promise is, consequently, void.  Partial illegality of consideration vitiates the promise entirely.  1 Parsons on Con., 380, and cases there referred to.

The promise of the defendant was, not to pay for each item of the stock sold December 29, 1856, separately, but for all together.  The promise was, therefore, entire; if, then, the consideration was partial, on this ground the promise is void, as against law—in violation of law.  Chitty on Con.,

Boyd *v.* Eaton.

692, 693; 11 East. R., 502; *Lomis* v. *Newhall*, 11 Pick. R., 167; *Deering* v. *Chapman*, 22 Maine R., 488; *Ladd* v. *Dillingham*, 34 Maine R., 316.

This case is entirely different from *Towle* v. *Blake*, 38 Maine R., 525. There the bill of particulars showed a running account—items delivered from time to time, from December, 1848, to September, 1849. There was not *one* sale, but *as many* sales as there were times of delivery of the several items. And the decision of the court is simply, that the separate sales of the liquors only were void. But in this case the sale was an entirety, made at one and the same time, and is indivisible.

Suppose the defendant had given the plaintiffs a note to pay for this stock of goods, sold December 29, 1856. Nothing is clearer than that the note would be altogether void. This is established law, and is incontestible. *Deering* v. *Chapman*, 22 Maine R., 488, and authorities there collected. The opinion of WHITMAN, C. J., is very full and decisive to this point.

Where is the difference between the promise of the defendant as expressed in a note, and the promise in this case? None, only that the one is in writing—the other not. The legal effect or disability of each is the same.

I do not see how the conclusion can be avoided, that the sale was void, the promise of the defendant void, and the amendments improper and illegal. Otherwise it is in the power of a single judge to legalize an illegal sale, to enforce a void promise, to nullify and repeal an act of the legislature, thus uniting and exercising the powers of the judicial and legislative departments of the government, which is expressly prohibited by the constitution.

APPLETON, J. This was an action of assumpsit upon an account annexed. It appeared in evidence that the plaintiffs, having a stall and stock of goods in the Market House in Bangor, sold on the 29th of December, 1856, to the defendant, their fixtures, and such articles of their stock as he might

select; that he selected those specified in the account in suit, among which are found various articles, the sale of which is prohibited by law. The articles are all charged as of the same date, but separate prices were affixed to each article.

At the trial at *Nisi Prius,* the plaintiff's counsel moved to amend by striking out of the account the articles, the sale of which was unlawful. This amendment was allowed, against the protest of the counsel for the defendant.

It was insisted in argument, that the sale of goods, as above stated, constituted an entire contract; that being entire, it is void by the statute prohibiting the sale of spirituous liquors; and that the presiding judge erred in allowing the amendment.

It was held in *Drew* v. *Blake,* 38 Maine R., 528, that in a suit upon an account, some of the items of which were for spirituous liquors sold in violation of law, that the plaintiff might amend by striking out the items for liquor, and recover on the account thus amended. The account in that case embraced some months, during which the articles were delivered, and it is urged that as they were sold at different times, they may be regarded as several sales, and that therein it differs from the case at bar. But the precise question under consideration came before the Supreme Court of New Hampshire, in *Walker* v. *Lovell,* 8 Foster's R., 138, and in *Carleton* v. *Woods,* 8 Foster's R., 291, where it was held that when an entire stock of goods is sold at one and the same time, but each article for a separate and distinct agreed price, the contract of sale is not to be regarded as entire and indivisible, and if the sale of some of the articles be prohibited by law, the illegality will not render the sale of the other articles illegal also. "We are unable," says Woods, J., "to see how this case differs from the case of a sale by a merchant of various goods to his customer, at one and the same time, for separate values, stated at the time, which, when computed, would of course amount to a certain sum in the aggregate. When in such case the goods are charged to the customer, and the sale of part of the goods should be found to be illegal, we

---

think it would be difficult to maintain upon any legal or equitable principles, that under a proper declaration, the value of the goods which were proper and legal articles of sale, could not be recovered."

In the case before us, the defendant was to select such goods as he might choose. Each article selected had its appropriate price. The bargain for its purchase was several and distinct. The defendant ought not to be permitted to evade the payment of articles legally sold, because he may have subsequently elected to purchase other articles at an agreed price, the sale of which was prohibited by statute..

*Default to stand.*