S. K. MARTIN LUMBER CO. *v.* MENOMINEE CIRCUIT JUDGE.

1. ATTACHMENT—MOTION TO QUASH.
   A trial of the issue in attachment proceedings cannot be avoided by a motion to quash based upon the merits, even if it be accompanied by a stipulation of the facts.

2. SAME—DISSOLUTION—REVIEW—REMEDY.
   *Certiorari,* and not *mandamus,* is the proper remedy to review a ruling of the circuit judge upon an application to dissolve a writ of attachment under 2 How. Stat. § 8026.

*Mandamus* by the S. K. Martin Lumber Company to compel John W. Stone, circuit judge of Menominee county, to quash a writ of attachment. Submitted February 15, 1898. Writ denied March 15, 1898.

*Sawyer & Waite,* for relator.

*L. D. Eastman (Eastman & Martineau,* of counsel), for respondent.

HOOKER, J. An action was brought by the city of Menominee against the relator by writ of attachment issued upon filing the usual affidavit. The defendant, who is the relator, appeared specially, and moved to dismiss the proceedings, filing a stipulation of fact in the case. The grounds relied upon are:

"1. That no debt is owing by the defendant to the plaintiff in the attachment suit.

"2. That, if any debt exists against any one, it is not subject to recovery through attachment.

"3. That the statute does not authorize a suit to be brought for the collection of a tax against any one but the person actually assessed as appears by the roll, the *roll* being the *evidence of the debt,* and being *conclusive.*

"4. That a distinction is made between the rights of a treasurer, proceeding under his tax warrant for the collection of a tax, and the rights of the municipality, proceeding

under the special remedy by suit, wherein strict construction of the statute is required."

The relator appears to have two objects in view: *First*, to obtain an adjudication that the city has no legal claim against him, without a trial of the question; *second*, to quash the proceedings, and compel the institution of new ones to recover such claim, if it be not held invalid. These things he proposes to do on an application to quash the proceedings, supplemented by a *mandamus*. His most far-reaching proposition is that he will show upon this motion that the city had no right to bring this action, and therefore that the court has no jurisdiction, by making proof, before declaration filed, of the cause of action sued upon; and, *second*, matters in defense, viz., that the assessment does not appear upon the roll to have been made against the defendant. In other words, he will try the merits upon a motion to ascertain whether the court has jurisdiction, and, if defeated, will review the question upon *mandamus*. If it appear that this tax sued for was not assessed against the defendant's name upon the roll, all proceedings are said to be void, because suit was authorized by law only against the person whose name actually appeared. Thus the jurisdiction depends on a matter outside of the record, and the proceedings might be shown to be void in a direct proceeding or upon collateral attack at any time by the production of the assessment roll, showing the absence of the defendant's name. The statute (Act No. 206, Pub. Acts 1893, § 47) should not be thus construed. If the alleged defense is a good one, it would be effective upon a trial of the merits, which is the only place it can be made. We think that trials cannot be avoided by a motion to quash based upon the merits, even if it be accompanied by uncontradicted proof, or even a stipulation of fact. If such a procedure were permitted, it would permit the practice of taking the opinion of this court upon questions of law in advance of the trial at *nisi prius*, thus practically making this the court of original jurisdiction, instead of a court for the correction of errors.

Upon the face of the papers—*i. e.*, affidavit and writ and return—the court has jurisdiction. If, upon filing a declaration, enough should appear therefrom to show the facts set up in the stipulation, a demurrer would test the question; if not, a plea in abatement would do so; but it cannot be tried on a motion to quash involving the merits.

The other question in the case should be tested upon a motion to dissolve the attachment under the statute, whereby the court has the power to require the entry of appearance by the defendant, though the attachment be dissolved. 2 How. Stat. § 8026. In such case *certiorari*, and not *mandamus*, is the proper remedy.

The writ of *mandamus* prayed for should be denied.

The other Justices concurred.