RUGGLES *v.* MUSKEGON CIRCUIT JUDGE.

LOGGING LIEN—ATTACHMENT—APPRAISAL—MOTION TO QUASH.
* 1. In attachment proceedings to enforce a lien under sections 10756–10770, 3 Comp. Laws 1897, an appraisal of the lumber attached is not necessary.
  2. The question whether a lien is void because plaintiffs included in their statement more than was due cannot be tried upon *ex parte* affidavits in a motion to quash the proceedings.

*Mandamus* by Fred H. Ruggles and others to compel Fred J. Russell, circuit judge of Muskegon county, to vacate an order quashing certain log-lien proceedings. Submitted June 12, 1900. Writ granted June 18, 1900.

* Head-notes by GRANT, J.

Relators, copartners, filed a claim of lien under Act No. 229, Pub. Acts 1887 (3 Comp. Laws 1897, §§ 10756–10770), upon certain lumber and railroad ties, which they allege they manufactured for Walter Snow and William S. Clark under a contract which is attached to the return. An attachment was issued under section 10760 for the enforcement of the lien. On motion of the defendants, the attachment proceedings were quashed.

*Martin Rozema,* for relators.

*Rufus F. Skeels,* for respondent.

Grant, J. (*after stating the facts*). We think the statement of lien is a full compliance with the statute. Two points only need be noticed:

1. No appraisal was necessary, under *Federspiel* v. *Johnstone,* 87 Mich. 303 (49 N. W. 581).

2. The question whether the lien proceedings are void because relators included in their statement more than was due cannot be tried upon *ex parte* affidavits. That question can only be disposed of upon the hearing. *S. K. Martin Lumber Co.* v. *Menominee Circuit Judge,* 116 Mich. 354 (74 N. W. 649).

Writ will issue.

The other Justices concurred.