SARAH T. BUSSEY v. MARK T. BUSSEY AND WILLIAM H. BUSSEY.

*Equity—Reference—Hearing in open court—Discretion of circuit judge—Bill to annul forged deeds.*

1. Where the proofs in a chancery suit are taken in open court, and the only question in the case is brought to the attention of the court, a reference as to a defendant who is brought in by publication is unnecessary.
2. The discretion exercised by a circuit judge in granting or refusing interlocutory applications in a chancery suit will not be reviewed unless clearly abused.
3. The decree in this case is held fully supported by the testimony, and is affirmed.

Appeal from Jackson. (Gridley, J.) Argued May 11, 1888. Decided October 12, 1888.

Bill to annul forged deeds. Defendant Mark T. Bussey appeals. Decree affirmed. The facts are stated in the opinion.

*Gibson & Parkinson* and *Thomas A. Wilson,* for complainant.

*Loud & Kenny (Austin Blair,* of counsel), for appellant.

SHERWOOD, C. J. Complainant filed her bill in the circuit court for the county of Jackson, to procure the surrender and cancellation of two deeds,—one bearing date May 29, 1885, purporting to be executed by the complainant to William H. Bussey, of the state of Maine, a brother of the defendant Mark T. Bussey, in trust for the latter, who is the husband of complainant; and the other bearing date July 6, 1885, purporting to be executed by complainant to the said William H. Bussey. They both purport to convey land owned at the date of the deeds, lying in the city and county of Jackson.

The first of said deeds is in the form of a quitclaim, and contains a provision that said deed should never have the effect to deprive the complainant of her interest in said land, and the right to occupy the property, as the wife of her husband Mark T. Bussey, and in no other manner. The other is in form a warranty deed. Both deeds were duly recorded in the register's office in the county of Jackson. The lands conveyed included her homestead, upon which she then lived and still resides. The bill charges that the deeds were forgeries, and void; and upon that ground the relief she asks is prayed.

The defendant Mark T. Bussey filed his answer, and admitted that the deeds appear of record, and averred that they were genuine, and not fraudulent or forged; but that they were executed by the complainant voluntarily, and for the purposes therein stated, and convey the title to the lands therein described to the said William H. Bussey.

The defendant William H. Bussey did not appear, and was brought in under the statute as a non-resident defendant, and the bill was taken as confessed as against him.

The bill was filed in October, 1885. The proofs were taken in open court in the month of May, 1887, before Judge Gridley. The defendant cross-examined the complainant's witnesses, but put in no testimony on his part; and upon the hearing the circuit judge rendered a decree in favor of the complainant, adjudged the deeds forgeries and void, and granted the relief prayed. Defendant Mark T. Bussey asks a review of the case in this Court.

On May 14, before the hearing, counsel for the appellant made an application to the court for a postponement, for the purpose of obtaining the testimony of an absent witness. The application was contested by the complainant, and denied by the court. When the cause was called for hearing on May 19, 1887, counsel for defendant Mark T. Bussey objected to the case being heard, for the reason that no reference of the case had been made as to William H. Bussey. This objection was overruled by the court; and the case was allowed to proceed. The circuit judge made his decree in the case on June 7, after the cause was heard.

On July 19, 1887, on the petition of defendant Mark T. Bussey, and the affidavits accompanying, an order for a rehearing was granted, upon condition that Bussey should pay costs of trial, to be taxed, within 10 days.

after notice of taxation, and that he might produce and examine witnesses during that term of the court which was then in session. On September 1, 1887, defendant made a motion to further continue the case for rehearing. This motion was opposed by complainant's counsel, and the motion was denied. In the order made denying the motion the court recites the fact that defendant had not paid the costs directed in the former order, and permitted defendant another day in which to put in proofs. No proofs were, however, ever put in by the defendants, or either of them. It was claimed by Mark T. Bussey that one of the material witnesses he wished to use was a subscribing witness to the deeds, whose name was Case, and that the other was a Mr. Jenks; but it appears Jenks was not used, though residing in Jackson at the time, and a portion of the time he was in the court-room.

Upon the point that no reference was made as to William H. Bussey, it only need be said none was necessary. The proofs were taken in open court, and the only question in the case was brought to the attention of the court, and proofs taken upon it.

The several motions were all in the discretion of the court. It seems from the record that part of them were in favor of complainant, and part for the defendant, so far as the action of the court shows. Judge Gridley's acquaintance with the parties, and the credibility of the affiants, in all these proceedings, gave him superior advantages for information in passing upon these motions, and his decisions ought not to be disturbed unless a clear abuse of the discretion used appears; and we have failed to discover any such misuse of judicial discretion.

In regard to the decree upon the merits, we are clearly of the opinion the testimony justified the conclusion reached by the circuit judge. We think the case presented by the record is one appealing strongly for the

exercise of the equity power of the court in behalf of the complainant, and we feel very certain the court has committed no error in the decree rendered; and, without referring any more particularly to the testimony as it is presented, we will only say, further, that the fraud attempted in this case can never fail to fall under the condemnation of a court of equity when its consideration is challenged, under the circumstances appearing in this case.

The decree will be affirmed.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG, J., did not sit.