POUPARD v. JUDGE OF RECORDER'S COURT.

1. MANDAMUS—WHEN LIES—INTERLOCUTORY ORDERS.
    Interlocutory questions of pleading and practice are not reviewable on *mandamus.*

2. SAME—CONTEMPT—MISCONDUCT OF JUROR—INTERROGATORIES—PRIVILEGE.
    Thus: *Mandamus* will not lie to compel the vacation of an order requiring a juror to answer interrogatories propounded to him in proceedings against him for contempt of court consisting of improper conduct as a juror, on the ground that such interrogatories relate to occurrences in the jury room, which are privileged.

*Mandamus* by Henry G. Poupard to compel Robert E. Frazer, acting judge of the recorder's court of Detroit, to vacate an order requiring relator to answer certain interrogatories in a proceeding for contempt.   Submitted January 7, 1902.   Writ denied March 18, 1902.

*Charles W. Casgrain,* for relator.

*Alfred Lucking,* for respondent.

HOOKER, C. J.   The relator was a juror upon the trial of Edward Ascher for murder, duly sworn.   At the conclusion of the trial he was arrested by order of the judge of the recorder's court to answer for contempt of court upon charges of improper conduct as a juror upon said trial.   In the course of this proceeding interrogatories were filed and served, whereupon a motion was made by counsel for the relator to strike out from the interrogatories Nos. 11 to 50, inclusive, upon the ground that whatever occurred in the jury room and between jurors during the course of the trial was privileged, and upon the further ground that to answer the same might tend to criminate him.   The learned circuit judge, who was called upon to hear the proceedings in place of the judge of the

recorder's court, denied the motion, and made an order that relator answer said interrogatories by December 11, 1901. An application to this court for a *mandamus* to compel the vacation of said order was then made, and an order to show cause issued. The return shows that the second ground of the motion stated was abandoned at the hearing, and that the relator has not been required to make any answer that would tend to criminate him, but admits the making of the order that the relator answer said interrogatories.

This case does not differ from others in regard to the principles of practice applicable to it. We have frequently held that it is not the province of this court to intervene to review interlocutory questions of pleadings and practice by *mandamus*. The court must and will interfere, where necessary, to compel a court to proceed with a cause; but where it has jurisdiction, and is disposed to proceed, the appellate court awaits final disposition before reviewing the proceedings. Counsel asserts that the importance and exigency of the case give relator the right to a decision of this question by the appellate court at this juncture. We think this an exaggerated view of the importance of this question. Had these questions been put to a witness on the stand, and he required by the presiding judge to answer, his only remedy would be upon his exception, and no serious consequences of a public nature would be likely to follow from an improper invasion of the sanctity of the jury room. In this case the testimony is taken by a different method. If any serious errors have been or shall be committed by the judge (which he does not correct) to the injury of the relator, he can call upon this court to correct them in the usual way in case of his conviction.

The writ is denied.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.