## VALLEY CITY DESK CO. *v.* KENT CIRCUIT JUDGE.

MANDAMUS—SETTING ASIDE DEFAULT—REMEDY BY ERROR.

> The action of the circuit judge in refusing to set aside a default and judgment on the ground that under the facts shown the court had no jurisdiction will not be controlled by mandamus, the question being determinable on error.

Mandamus by the Valley City Desk Company to compel Alfred Wolcott, circuit judge of Kent county, to set aside a default and judgment. Submitted January 10, 1905. (Calendar No. 20,888.) Writ denied February 28, 1905.

*Carroll & Nichols*, for relator.

*Stuart & Heald*, for respondent.

OSTRANDER, J. Petition for an order to show cause why a default (and judgment based thereon) entered against the relator should not be set aside.

The Travelers' Insurance Company, of Hartford, Conn., began suit by summons in the circuit court for the county of Kent against Hayden, Appleyard, Davidson, and Johnson. The original summons, or an alias summons, was personally served upon each of the defendants. Declaration was filed in that case on March 23, 1904. All of the defendants in that case were defaulted for not pleading. March 11, 1904, the same plaintiff, by its attorney, Henry T. Heald, filed an affidavit in garnishment in the same court, in which it was averred that relator and one Herpolsheimer were indebted to the defendants in the principal action. Relator was described in the affidavit as "a corporation." A writ of garnishment was issued, returnable March 31, 1904, which was served upon relator on the 11th of March, 1904, through its secretary and treasurer, Alonzo N. Hodges. The affidavit for the writ of garnish-

ment names Valley City Desk Company (relator), names
William G. Herpolsheimer, and says that both the relator
and the said Herpolsheimer "severally, and not jointly,"
have property, goods, money, ·chattels, etc., and are in-
debted, etc., to the principal defendants. Herpolsheimer
made a disclosure, relator did not; and upon an affidavit
made on the 2d of April, 1904, by the attorney for the
plaintiff, an order was entered (on that date) entering the
appearance of relator and defaulting it for want of dis-
closure. The principal case, coming on to be heard, was
tried November 21, 1904, which was at the September,
1904, term of the Kent county circuit court, and resulted
in a judgment being ordered against the principal defend-
ants for $868.57.

The court having announced that such judgment would
be rendered, the following took place:

"*Mr. Heald:* We would like a judgment against the
Valley City Desk Company, a garnishee defendant. (A
default was duly entered.)

"*The Court:* Do they make a disclosure?

"*Mr. Heald:* No, they made no disclosure. They de-
faulted.

"*The Clerk:* It has been filed, but they are unable to
find it just at present.

"*Mr. Heald:* The original affidavit was defaulted.

"*The Clerk:* The docket shows it was returned and
filed.

"*Mr. Heald:* I judge that was filed direct by the sheriff,
instead of coming through the office; and at the time I
made the default affidavit I came over especially to see if
that was in the files, and it was in the files at that time.

"*The Clerk:* It was filed on April 2d.

"*Mr. Heald:* Here is a copy of it that I made.

"*The Court:* Copy of the service?

"*Mr. Heald:* Yes.

"*The Court:* I suppose the statute entitles you to a
judgment for the same amount. Judgment against the
Valley City Desk Company, garnishee defendant, for
$868.57."

The record shows that on the same date a judgment
was entered against the relator for $868.57, together with

costs to be taxed, and awarding execution.   November 23, 1904, the relator made and filed a motion, based upon an affidavit, to set aside the default and judgment, and noticed its motion for hearing on the 28th of November.

The special reasons assigned in the motion are:

1. That the affidavit of Mr. Heald, upon which the writ of garnishment was issued, was void, and conferred no jurisdiction upon the court.

2. Because the relator had no notice or knowledge of any writ having been served upon it or any of its officers.

3. Because the judgment against relator was made and entered before any judgment had been entered against the principal defendants, and because it does not appear that any judgment had ever been entered against the principal defendants.

On November 25, 1904, a judgment was entered against the principal defendants, the concluding sentence and recital in which is: "It is further ordered that said judgment stand entered nunc pro tunc of November 21, 1904." Later, and on December 15th, relator's motion to set aside the default and judgment was denied.

Various reasons are assigned in the petition, and some of the facts upon which they are based are admitted in the answer, which would be persuasive, undoubtedly, unless the circuit court is concluded in the premises by the provisions of Cir. Ct. Rule 12, subd. *b*.   It is urged that he is not so concluded, because the default was not regularly entered.

The provision of the rule referred to is as follows:

"But in cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly entered."

The words "after such default is regularly entered" were added to the rule November 20, 1903.   131 Mich. xxxv.   Before this amendment it was held in *Petley* v. *Wayne Circuit Judge*, 124 Mich. 14, in a case in which

the circuit judge vacated a judgment and set aside a default, that he had exceeded his authority, distinguishing the case from *Turner* v. *Ottawa Circuit Judge*, 123 Mich. 617, in which case a default was improperly entered; and in *Carpenter* v. *Judge of Superior Court of Grand Rapids*, 126 Mich. 8, it was held that the entry of a judgment is the taking of a proceeding within the meaning of Cir. Ct. Rule 12, and the default should not be set aside unless application was made within six months after service. Both of these cases were mandamus cases.

Without entering into a discussion of the points relied upon by the relator, it seems sufficient to say that the court below asserts and retains jurisdiction, that the facts relied upon by relator are claimed to show a want of jurisdiction, and that the questions mooted can be determined upon writ of error; and, following the decision in *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274; *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270; *Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490, the application of relator should be denied.

MOORE, C. J., and CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred.