HITCHCOCK v. WAYNE CIRCUIT JUDGE.

1. MANDAMUS—PROPRIETY—REMEDY BY APPEAL.

Appeal and not mandamus is the remedy to review a final order dismissing a bill, though the dismissal was upon the ground of lack of jurisdiction.

2. SAME—ADEQUACY OF REMEDY—INJUNCTION.

The bill in such case being to restrain the officers of a foreign corporation from disposing of its property, the contention that, if mandamus be not granted, the defendants will have disposed of the property before the appeal can be decided, is untenable, as complainant may appeal immediately and obtain an injunction from this court, which will preserve the corporate assets until the appeal is decided.

Mandamus by Edward M. Hitchcock to compel Morse Rohnert, circuit judge of Wayne county, to set aside a decree dismissing a bill of complaint. Submitted May 26, 1906. (Calendar No. 21,663½.) Writ denied June 4, 1906.

*Willard E. Warner* (*Edward J. Tisdale*, of counsel), for relator.

*Van Zile & Brownson*, for respondent.

CARPENTER, C. J. Relator, a stockholder in the Detroit & Kent County Oil & Gas Company, Limited—a corporation organized under the laws of the Territory of Arizona—filed a bill of complaint against said corporation in the circuit court for the county of Wayne, in chancery, praying, among other things, that said corporation, "its officers, agents, trustees, attorneys, and counselors, may be both temporarily and permanently enjoined and restrained from selling, transferring, or otherwise disposing of the options, leases, lands, properties, and utilities owned or controlled by the said company." A temporary injunction in accordance with this prayer was issued. The

defendant corporation, after a general appearance in the case, filed a plea to the jurisdiction of the court, and relator filed a replication to this plea. Upon this issue testimony was taken before respondent who found the material facts in the plea to be true and entered a final decree dismissing relator's bill of complaint. Relator thereupon instituted these proceedings asking for a mandamus to compel said respondent to set aside said decree. We are of the opinion that relator has mistaken his remedy. It is clear that relator can review the order complained of by appealing therefrom to this court. Under these circumstances, according to our recent decisions, that is his only method of obtaining relief (see *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274, and cases there cited), and he is not, therefore, entitled to a writ of mandamus.

It is argued in his brief that relator is entitled to a writ of mandamus under the rule laid down in *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270:

"The writ will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had jurisdiction in fact, because, if the writ was not entertained under such circumstances, the party would be without remedy."

It is quite apparent from this entire language that we were attempting to describe cases in which the trial court refused to make a final order which might be reviewed by appeal or writ of error. If such an order is made, even though made upon the erroneous notion that the trial court has not jurisdiction, mandamus will not lie. See *Cattermole* v. *Ionia Circuit Judge*, supra.

Relator urges that if the mandamus sought be not granted, the defendant corporation will, before this case can be heard upon an appeal, improperly dispose of all its assets and leave him without remedy. If relator has just ground for this apprehension, we can perceive no good reason why he may not at once appeal, and procure from this court an injunction which will preserve the corporate

assets until the appeal is determined. See *Kent* v. *Mahaffy*, 2 Ohio St. 498.

The application for the writ of mandamus is denied.

MCALVAY, GRANT, BLAIR, MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.