REYNOLDS *v.* MECOSTA CIRCUIT JUDGE.

1. MANDAMUS — PROPRIETY — ASSAULT AND BATTERY — DECLARA-
TION—AVERMENT OF JURISDICTION.
     On the trial of an action for assault and battery, defendant
     objected to the introduction of any evidence, on the ground
     that the declaration showed that the assault was committed
     in another county, and there was no averment that either of
     the parties resided in the county of the venue; the court in-
     vited plaintiff to amend in accordance with what counsel
     had stated to be the fact as to residence, and, on his declina-
     tion, discharged the jury from further consideration of the
     case. *Held,* that mandamus would not issue to compel the
     setting aside of the order discharging the jury.

2. SAME—REVIEW BY ERROR.
     If such an averment was not strictly required, as plaintiff con-
     tends, either party may secure an order which will dispose of
     the case in the court below, and review the ruling on error, a
     proceeding in which they will be entitled to have strict legal
     rights determined.

Mandamus by George A. Reynolds to compel Lewis
G. Palmer, circuit judge of Mecosta county, to vacate an
order dismissing an action for want of jurisdiction. Sub-
mitted April 16, 1907. (Calendar No. 22,230.) Writ
denied May 18, 1907.

*Cogger & Broomfield,* for relator.

PER CURIAM. There are two reasons for refusing the
writ. One is that in making the ruling complained about
the circuit judge suggested and invited counsel for plain-
tiff (relator) to amend the declaration by adding the aver-
ment that plaintiff, or defendant, or both, resided in the
county of Mecosta when the suit was begun, an averment
of a fact asserted by counsel for relator to be true. This
amendment, the making of which would have occupied
but a moment of time, counsel declined to make, insisting,
as they now insist, that strictly no such averment was

required to be made. · In such a case, and this embodies
the second reason, either party may secure an order which
will dispose of the case in the court below and review the
ruling on error, a proceeding in which they will be entitled
to have strict legal rights determined.

Relator began a suit in the circuit court for the county
of Mecosta to recover damages for injuries sustained · by
an assault and battery upon him by defendant, taking out
a summons which was personally served upon defendant
in said county; proof of such service being returned and
filed with the clerk of the court.   Defendant entered a
general appearance.   Plaintiff filed his declaration, in
which it was averred that the assault was committed in
Newaygo county.   Defendant pleaded the general issue.
The cause was duly noticed for trial at the February,
1907, term of said court.   The cause came on to be tried
at said term of said court.   A jury was impaneled and
sworn.   Counsel for plaintiff (relator) made his opening
statement to the jury, in which he stated that both plain-
tiff and defendant were residents of the township of Me-
costa, in said Mecosta county.   Counsel for defendant
objected to the introduction of any evidence, on the
ground that there was no allegation in the declaration
that either plaintiff or defendant resided within the juris-
diction of the court.   This objection was argued; the
court reserving his opinion until the closing of proofs, at
which time in an oral opinion, reported by the stenogra-
pher, the court ruled and held that it had no jurisdiction
to try the case.   He thereupon discharged the jury from
any further consideration of the case.   Thereafter an
order was entered, reciting that counsel for defendant—

" Objected to the taking of any testimony herein for the
reason that the declaration contained no allegation as to
the residence of the parties to said suit, and that the sub-
ject-matter of said suit occurred in Newaygo county.
* * * The court sustained such objection and dis-
charged the jury from further consideration of this cause,
to which said ruling said plaintiff duly excepted."

Writ denied.