GEDDIS v. WAYNE CIRCUIT JUDGE.

1. INJUNCTION—RESTRAINING SUIT AT LAW—EFFECT.

An injunction staying proceedings at law in a pending case does not affect the jurisdiction of the law court, nor affect the validity of the judgment therein obtained in disobedience of the injunction.

2. CONTINUANCE—PROPRIETY—INJUNCTION AGAINST PROCEEDING.

The existence of an injunction restraining proceedings at law is good ground for granting a motion for a continuance of the suit at law in the absence of any good reason for refusal to postpone the trial.

3. MANDAMUS—PROPRIETY—REFUSAL OF CONTINUANCE.

Mandamus is not proper to review the action of the circuit court in denying a motion for a continuance, the question being reviewable on error to the final judgment.

4. SAME—INTERLOCUTORY MOTIONS.

This court does not review an interlocutory motion on manda-

mus when the court does not refuse to proceed with the case, if there is another adequate remedy, though mandamus may be resorted to sometimes if the court does so refuse.

Mandamus by George Geddis to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order setting a case for trial. Submitted January 7, 1908. (Calendar No. 22,594.) Writ denied February 3, 1908.

*Flynn & Sevald* ( *C. K. Latham,* of counsel ), for relator.

*William E. Baubie* and *May & Dingeman,* for respondent.

HOOKER, J. Relator's petition shows that he is defendant in an action at law pending in the circuit court for the county of Wayne, wherein one Johanna B. Dondero, as survivor of herself and husband, Antonio B. Dondero, is plaintiff. The action is upon a breach of covenant in a deed. Defendant therein is complainant in a suit in chancery, commenced in the county of Oakland after the action at law aforesaid was begun, for the purpose of reforming said deed in regard to the description of the premises. After a hearing of the application for the same, upon an order to show cause, and the filing of the required bond, an injunction was issued restraining said Johanna B. Dondero from further prosecuting her said action at law until the further order of said court of chancery, or during the pendency of said suit, which injunction was duly served upon her, and process was duly served in said chancery cause.

In disobedience of said injunction, she has caused said action at law to be noticed for trial and has obtained an order from the circuit court for the county of Wayne setting the same for trial upon November 20, 1907. Upon application of relator, a judge of said court has refused to

vacate said order. Relator has applied for an order to compel such action.

The return shows that the request of defendant to have the trial deferred,—which was equivalent to a motion for a continuance,—made in opposition to the motion to have the case set down for hearing, was accompanied by a showing of the pendency of the chancery case and the injunction. It must be conceded that the injunction did not affect the jurisdiction of the Wayne circuit judge, as it is elementary that an injunction staying proceedings at law operates in restraint of the party, and is in no sense a prohibition upon the action of the legal tribunal, and the current of authority supports the proposition that a judgment of such court is not void because of the disobedience of the injunction. See 1 High on Injunctions (4th Ed.), §§ 46, 103, and cases cited; *Burpee* v. *Smith*, Walk Ch. (Mich.) 327.

Upon the somewhat analogous question involving actions against a receiver without leave of the court appointing the receiver first obtained, it is held that a judgment at law is not void, while many cases hold that leave is unnecessary. Especially has this been held in negligence cases. See Smith on Receiverships, p. 189, citing *Hackley* v. *Draper*, 60 N. Y. 88; *St. Joseph, etc., R. Co.* v. *Smith*, 19 Kan. 225; *Mulcahey* v. *Strauss*, 151 Ill. 70; *Kinney* v. *Crocker*, 18 Wis. 74; *Town of Roxbury* v. *Railroad Co.*, 60 Vt. 121; *Lyman* v. *Railroad Co.*, 59 Vt. 167; *Allen* v. *Railroad Co.*, 42 Iowa, 683. See, also, Gluck & Becker on Receivers, p. 83. In *Platt* v. *Woodruff*, 61 N. Y. 381, it is said:

"While the common-law and equity courts were separate tribunals in this State, a court of law did not hold a party to a suit pending in it who should proceed in his suit in violation of an injunction of a court of chancery as even irregular in his practice, but left him to the sufficient power of that court to vindicate its own authority. (*Grazebrook* v. *McCreedie*, 9 Wend. [N. Y.] 437, 442.) And now that law and equity are separately administered by the same tribunal, each judge having equal power, as

well to grant as to vacate an injunction order, it does not ·follow that a judge holding a purely law court is divested of his jurisdiction to proceed in an action pending in it, because of an order made by another judge of the same court, in the exercise of his equity powers, forbidding a party in a law suit from further prosecuting his action. A judge at circuit would, doubtless, if the existence of such an order should be properly brought to his knowledge, heed it; and would not, unless under very extraordinary circumstances, permit a party to disregard it. It does not appear in this case that the judge holding the circuit was informed of the existence of this order; or, being informed, he did not make it a condition of his hearing the cause that the bank should not proceed to judgment in it until the order should be vacated; but, whether he knew or did not know that such an order existed, he had jurisdiction of the subject-matter and of the parties, of which he was not ousted by an order directing the bank to refrain from the further prosecution of its actions. That order was not operative upon the court, but upon the bank, who, unless purged of its contempt, might have been compelled to relinquish all advantage of its proceedings subsequent to the service of the order. The judgments were not void."

In *Burke* v. *Ellis*, 105 Tenn. 707, it was said:·

"But, independent of this view of the matter, inhibitions by the court appointing a receiver are not directed against other courts, as such, to prevent such other court from hearing any cause brought before it in the usual manner, but are intended to operate against individual suitors and to restrain them from instituting and prosecuting such suits. In case the injunction or inhibition is unheeded, the proper remedy is to apply to the court issuing the injunction or inhibition to stop the suitor in the different court from proceeding with his suit, the process being one in the nature of a contempt proceeding against the individual, and the application in the court to stay its own proceeding is ineffectual unless the court shall feel itself bound as a matter of comity to recognize the prior and better right of the court having charge of the receiver and property."

See, also, *Grossman* v. *Davis*, 117 Ill. App. 354.

In *Maclean* v. *Wayne Circuit Judge*, 52 Mich. 257, it was said by COOLEY, C. J.:

" It is a familiar principle that when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely. The country has witnessed some such conflicts in which Federal and State courts of co-ordinate powers have unguardedly or unadvisedly undertaken to hamper or restrain each other's action; and the mischiefs of which such cases are suggestive are quite as likely to arise when courts existing as part of the same system intrude with their process upon each other's authority."

It is, however, a circumstance bearing upon the question of a right to have the case continued, which was in substance the question before the circuit court. The case before us is, therefore, practically, whether the court erred in refusing a continuance. We have no hesitation in saying that the return indicates that the court was in error in his opinion of the law governing his action, and that no good reason appears for his refusal to postpone the trial. See *People, ex rel. Ives*, v. *Muskegon Circuit Judge*, 40 Mich. 63.

The instances are rare where a court may not properly delay a case which the plaintiff has been enjoined from prosecuting, but we are not sure that circumstances may not exist, such as extraordinary laches, or some exigency so obvious as to justify a refusal to continue a case which a plaintiff may be willing to take the risk of pressing to trial.

Whether it is such an abuse of discretion as would be ground for a reversal of a possible judgment, on error, we need not determine, as the case is not here on error, but mandamus. If there has ever been an instance where we have compelled a circuit judge to grant a motion for continuance or any other kindred motion, on mandamus, it has not been brought to our attention. Such a practice would be at variance with a long line of cases, in which we have denied relief on the ground that a writ of error or some other adequate remedy existed. It is no new thing to review the denial of motions to continue after judgment upon writ of error or otherwise. *People, ex rel. Dickinson,* v. *Sackett,* 14 Mich. 321; *People* v. *Anderson,* 53 Mich. 60; *Bussey* v. *Bussey,* 71 Mich. 504; *People* v. *Evans,* 72 Mich. 367; *Winklemeir* v. *Daiber,* 92 Mich. 621; *Mills* v. *McLeod,* 94 Mich. 627; *McNaughton* v. *Evert,* 116 Mich. 141; *Schurtz* v. *Kelley,* 119 Mich. 383; *Leach* v. *Railway,* 125 Mich. 373; *People* v. *Marrs,* 125 Mich. 376; *Jones* v. *Wayne Circuit Judge,* 141 Mich. 408.

It is the settled rule that we will not review an interlocutory motion on mandamus when the court does not refuse to proceed with the case, if there is another adequate remedy, although it may be resorted to sometimes if it does so refuse. See *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270; *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge,* 114 Mich. 417; *Dages* v. *Sanilac Circuit Judge,* 122 Mich. 490; *Poupard* v. *Judge of Recorder's Court,* 129 Mich. 662; *Steel* v. *Clinton Circuit Judge,* 133 Mich. 695; *Cattermole* v. *Ionia Circuit Judge,* 136 Mich. 274; *Skutt* v. *Kent Circuit Judge,* 136 Mich. 477; *Hopper* v. *Livingston Probate Judge,* 137 Mich. 124; *Valley City Desk Co.* v. *Kent Circuit Judge,* 139 Mich. 194; *Jones* v. *Wayne Circuit Judge,* 141 Mich. 408, and cases cited; *Sharp* v. *Montcalm Circuit Judge,* 144 Mich. 328; *Hitchcock* v. *Wayne Circuit Judge,* 144 Mich. 362; *Cosgrove* v. *Wayne Circuit Judge,* 144 Mich. 682; *City of*

*Flint* v. *Genesee Circuit Judge,* 146 Mich. 439; *Reynolds* v. *Mecosta Circuit Judge,* 148 Mich. 470.

It follows that the writ must be denied and it is so ordered, with costs to respondent.

GRANT, C. J., and BLAIR, MOORE, and MCALVAY, JJ., concurred.