## WILLIAMS *v.* OLSON.

APPEAL AND ERROR — APPEALABLE ORDERS — FINALITY — ORDER DENYING MOTION TO STRIKE.
> An order denying a motion to strike a bill from the files is not a final order and is not appealable.

Appeal from Iron; Stone, J. Submitted November 12, 1907. (Docket No. 157.) Decided February 15, 1908.

Bill by George R. Williams against Mary E. Olson and others to set aside certain notices of tax sales, and to

restrain trespasses upon land.   From an order denying a
motion to strike an amended bill from the files, defend-
ants appeal.   Dismissed, and record remanded.

*J. F. Carey*, for complainant.

*I. W. Byers*, for defendants.

McAlvay, J.   This case was before this court on an
appeal by defendants from an order overruling their de-
murrer to the bill of complaint.   This court sustained the
demurrer and the cause was remanded to the circuit
court with permission to complainant to amend his
bill of complaint.   *Williams* v. *Olson*, 141 Mich. 580.
Reference is had to the opinion of the court for a state-
ment of the case set forth by complainant, the grounds
for demurrer, and the reasons of the court for sustaining
the demurrer.

Complainant afterwards, on December 19, 1905, filed
an amended bill in the circuit court by adding to the
original bill an allegation that the tax deeds issued to de-
fendant Mary E. Olson on which the tax notices were
based had been prematurely issued; and also an allega-
tion of a tender of a certain sum of money to the defendant
Mary E. Olson.   Exhibits were attached to said amended
bill of complaint showing that tax notices for tax deeds
held for the years 1893, 1894, 1895, 1897, 1898 were served
upon V. A. Goddard and George W. Tolbert, administra-
tor and executor, respectively, of E. G. Goddard and James
Tolbert on September 14 and October 5, 1901.   It is ad-
mitted in defendants' brief that the allegations thus set
forth bring the tax deed alleged to be void clearly within
the case of *Monaghan* v. *Auditor General*, 136 Mich. 247.

Defendants Olson demurred to this amended bill for
the same reasons as alleged in the first demurrer, with the
added reasons "that the sum of money required by
statute was not paid or tendered to the said Mary E.
Olson within the time in said statute provided; and that
no suit to set aside said tax deed or deeds was commenced

within the time provided by the statute." This demurrer was sustained by the court and complainant given 20 days to amend his bill of complaint.

On August 7, 1906, complainant filed his second amended bill of complaint, by which he added to the first amended bill, as exhibits, copies of the tax deeds issued to the defendant Mary E. Olson, upon the validity of which her title and defense in this suit depend. A motion was then made by defendants Olson to strike this second amended bill from the files for the reasons:

1. The prayer of the said bill was not divided into paragraphs and numbered consecutively.

2. That said bill contained no allegations of new facts.

The court denied this motion provided complainant correct the infirmity as to the prayer within five days, allowing defendants 15 days after service of such corrected prayer to plead, answer, or demur. Defendants appeal to this court from such order. The right to appeal from this order is challenged by complainant for the reason that it is not a final order. The case of *Carpenter* v. *Auditor General*, 144 Mich. 251, relied upon by defendants, is distinguishable from the case at bar. In that case the bill of complaint, on motion, was stricken from the files, and such order determined complainants' right to pursue her remedy, and was therefore a final disposition of the case. In the case at bar no such situation is presented. Puterbaugh's Michigan Chancery (2d Ed.), p. 856.

This order was not a final order. The appealability of an order is determined by its effect upon the rights of the parties. An order to be final must dispose of some portion of the controversy. It must finally determine some right between the parties.

The appeal is dismissed, with costs to complainant, and the cause will be remanded to the circuit court for further proceedings.

GRANT, C. J. and BLAIR, MOORE, and CARPENTER, JJ., concurred.