BROOKS *v.* HARGRAVE.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—MOTIONS—DISMIS-
SAL AND NONSUIT—JURISDICTION.

 The denial of a motion to dismiss, for want of jurisdiction, a
 bill of complaint in chancery against an executor, for an
 accounting, to which he had filed an answer, subsequently
 presenting in probate court his final account covering the
 same matter, may not be reviewed on appeal, since the order
 is not a final adjudication of rights.

Bill by Rae Brooks and another against Edward C.
Hargrave and others for an accounting. From an
order denying a petition to dismiss the bill for want of
jurisdiction, defendant Hargrave appeals: On motion to
dismiss. Submitted June 7, 1910. (Calendar No.
24,056.) Motion granted September 27, 1910.

*Weadock & Weadock* (*Miles J. Purcell*, of counsel),
for the motion.

*M. L. Courtright* (*Gillett & Clark* and *F. W. De-
foe*, of counsel), *contra.*

McALVAY, J. Complainants filed their bill of com-
plaint in the circuit court for Saginaw county in chan-
cery, asking for an accounting with defendant Edward
C. Hargrave, as executor, individually, and as surviving
partner of E. J. Hargrave & Son, charging fraud against
him in his management of the estate, and the affairs of
the partnership. This defendant was appointed executor
of his father's estate in 1887. He filed an inventory and
appraisal of the estate, showing property of the value of
$50,000, since which time he had filed no account what-
ever. Complainants are grandchildren of E. J. Hargrave,
deceased, having an interest in his estate.

Defendants are all the other parties in interest. De-

fendant Edward C. Hargrave, as executor, individually, and as surviving partner, answered the bill of complaint, as also did some others of the defendants. Some were defaulted. The cause, being at issue, was duly noticed for hearing in open court, and was set down for a certain day. On motion of defendant Edward C. Hargrave the time for the hearing was extended to a later date. He then filed what purported to be his final account in the probate court for Saginaw county as executor, and at once filed a petition in this case showing that he had filed a final account, praying that the bill of complaint be dismissed because of want of jurisdiction in the court to proceed against him as executor for an accounting. Upon a hearing this petition was denied. He then took a general appeal to this court from the order denying such petition.

Complainants have made a motion before this court to dismiss the appeal. It would seem that appellant, after answering fully complainants' bill, in which he denied that he had any assets, and expressed a willingness to have an accounting, now desires, after he has filed an account in probate court, by this motion, to have a question arising in that suit determined in advance, and in the brief filed this is admitted. In chancery cases an appeal will only lie to this court from a final order. He did not elect to raise the question by demurrer, in which case he would have been strictly within the statute and entitled to an appeal, if his demurrer was overruled. The order is not a final one. Appellant is not deprived of any supposed right, nor does it fix upon him any liability. *Kingsbury* v. *Kingsbury*, 20 Mich. 212. The cases of *Hitchcock* v. *Wayne Circuit Judge*, 144 Mich. 362 (107 N. W. 1123), and *Warren* v. *Lenawee Circuit Judge*, 160 Mich. 572 (125 N. W. 712), cited by appellant, are not in point, nor is there any indication in either of them that such an order as the one here appealed from is a final order. This court has recently held that an order denying a motion to strike a bill of complaint from the files was not a final order. *Williams* v. *Olson*, 151 Mich. 265

(114 N. W. 1031). The fact that by the petition the jurisdiction of the court was challenged does not determine the question whether the order made was a final and appealable order. As was said in the case last cited, that is determined by its effect upon the rights of the parties.

This has always been the rule in this State. The motion to dismiss is granted.

BIRD, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.