OLDS MOTOR WORKS *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS—APPEAL AND ERROR—BILL OF PARTICULARS—MOTION
FOR MORE SPECIFIC BILL.

 The denial by a trial court of defendant's motion for a more
 specific bill of particulars is reviewable by writ of error, not
 by mandamus; since the former remedy is adequate.

Mandamus by the Olds Motor Works to compel James
O. Murfin, one of the circuit judges of Wayne county, to
set aside an order denying relator's motion for a more spe-
cific bill of particulars, in an action of assumpsit; and to
enter an order requiring the same. Submitted December
30, 1910. (Calendar No. 24,342.) ` Writ denied Febru-
ary 1, 1911.

*Standish Backus*, for relator.

*Prentis & Mulford*, for respondent.

BIRD, J. Relator makes this application for a writ of
mandamus to compel a more specific bill of particulars to
be filed in the case of *William T. Taylor* v. *Olds Motor
Works*, which is now pending in the Wayne circuit court.
Taylor began suit in assumpsit against the defendant, the
Olds Motor Works, to recover the balance which he claims
is due him upon a contract of employment. He filed his
declaration, which contained the common counts and four
special counts. A bill of particulars was filed in response
to defendant's demand. After the same was filed, a mo-
tion was made by relator for a more specific bill of par-
ticulars. The trial judge denied the motion. Plaintiff
then asked this court for a writ of mandamus to compel
the circuit judge to set aside his order and enter one in
accordance with the prayer of his motion.

 In view of the repeated refusals of this court to review
by writ of mandamus interlocutory orders, where the

remedy by writ of error was adequate, we feel obliged to decline to consider this application upon its merits. In arriving at this conclusion, we have considered the two cases cited by relator (*Anti-Kalsomine Co.* v. *Kent Circuit Judge*, 119 Mich. 434 [78 N. W. 467]; *Hamilton* v. *Ingham Circut Judge*, 84 Mich. 393 [47 N. W. 681]) in which a like question was reviewed by mandamus; but in those cases the question of the remedy was neither raised nor discussed. But the foregoing rule has been declared so frequently in recent cases that we feel it should be followed. Some of the cases in which the rule is declared are *Lyle* v. *Cass Circuit Judge*, 157 Mich. 33 (121 N. W. 306); *Geddis* v. *Wayne Circuit Judge*, 151 Mich. 122 (114 N. W. 874); *Reynolds* v. *Mecosta Circuit Judge*, 148 Mich. 470 (111 N. W. 1038); *City of Flint* v. *Genesee Circuit Judge*, 146 Mich. 439 (109 N. W. 769); *Cosgrove* v. *Wayne Circuit Judge*, 144 Mich. 682 (108 N. W. 361); *Hitchcock* v. *Wayne Circuit Judge*, 144 Mich. 362 (107 N. W. 1123); *Sharp* v. *Montcalm Circuit Judge*, 144 Mich. 328 (107 N. W. 874); *Jones* v. *Wayne Circuit Judge*, 141 Mich. 408 (104 N. W. 692); *Valley City Desk Co.* v. *Kent Circuit Judge*, 139 Mich. 194 (102 N. W. 651); *Hopper* v. *Livingston Probate Judge*, 137 Mich. 124 (100 N. W. 266); *Skutt* v. *Kent Circuit Judge*, 136 Mich. 477 (99 N. W. 405); *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274 (99 N. W. 1); *Steel* v. *Clinton Circuit Judge*, 133 Mich. 695 (95 N. W. 993); *Poupard* v. *Judge of Recorder's Court*, 129 Mich. 662 (89 N. W. 577); *Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490 (81 N. W. 355); *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417 (72 N. W. 249); *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270 (70 N. W. 582).

The application for the writ is denied.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.