## CRAIG *v.* INGHAM CIRCUIT JUDGE.

## CRAIG *v.* PORTER.

1. APPEAL AND ERROR—SUPREME COURT PRACTICE — CONSOLIDATION OF CAUSES—WAIVER.

After the printing of a record to be used in two causes, which were treated as consolidated in the record, and after the filing of a stipulation for continuance of the causes, entitled as combined, signed by both attorneys, it was too late to make the objection in the briefs of appellee, which he entitled in both proceedings, that the cases were improperly consolidated.

2. SAME—MANDAMUS.

An order dismissing an action for failure of plaintiff to furnish security for costs, and awarding costs to defendant, was a final order, reviewable on error.

3. SAME.

Mandamus does not lie to review such an order.

4. COSTS—SECURITY—MOTIONS.

No new facts appearing after the granting of a motion for security for costs, and requiring plaintiff to furnish a bond of $100, a second motion to compel the plaintiff to file a general undertaking to pay all costs that might be incurred in the case, was improperly granted.

5. SAME.

In order to warrant the court in granting an application for

new or additional security, it must be shown that new facts have arisen since the granting of the first order, making necessary additional security.

6. SAME—APPEAL AND ERROR.
    Such order is reviewable on error on the ground that it was made without a sufficient showing.

Mandamus by Edith G. Craig against Charles B. Collingwood, one of the circuit judges of the county of Ingham, to compel respondent to vacate an order dismissing plaintiff's action, for failure to comply with an order of the court granting, *ex parte*, a motion of defendant therein for new and additional security for costs. This record being combined with the following, the cases were considered together. Submitted November 17, 1911. (Calendar No. 24,098.) Writ denied July 11, 1912.

Error to Ingham; Collingwood, J. Submitted November 17, 1911. (Docket No. 132.) Decided July 11, 1912.

Case by Edith G. Craig against William H. Porter. An order dismissing the cause is reviewed by plaintiff on writ of error. Reversed.

*A. A. & H. A. Ellis,* for appellant.

*Tuttle, McArthur & Dunnebacke,* for appellee.

McALVAY, J. These cases were presented to this court combined in one record and were submitted upon briefs. The first named is a mandamus proceeding. The second is a case brought here upon writ of error.

It is suggested on the part of both respondent and the defendant in their brief that no order has been made combining these cases, and that there is no practice warranting such combinations. In our opinion the objection is made too late. The record gave timely notice that the cases were to be considered together. The attention of the court was not called to the matter by motion or otherwise, and the original files show that stipulations for continu-

ances of the cases, entitled as combined, have been entered into, signed by the attorneys for the respondent and for the defendant.

In this court the only brief printed and filed by the same attorneys is entitled in the same manner. It would appear that the question has been waived. There is but one question presented by the record of these cases before us. This relates to an order made by the court dismissing plaintiff's suit on account of failure on her part to give security for costs, with a judgment for costs against her. This was a final judgment, reviewable upon writ of error.

This court has repeatedly held that, where the remedy by writ of error was adequate, mandamus was not the proper remedy. *City of Flint* v. *Genesee Circuit Judge*, 146 Mich. 439 (109 N. W. 769), and cases cited. For a citation of many of these cases, see *Olds Motor Works* v. *Wayne Circuit Judge*, 164 Mich., at page 471 (129 N. W. 710). Respondent will recover costs.

This leaves for consideration the errors assigned in the case here for review upon writ of error. This case was commenced in the circuit court for Ingham county by a summons. Defendant's appearance was entered December 27, 1909, and he pleaded the general issue to plaintiff's declaration on the same date, and also made and filed a motion for security for costs. This motion was supported by his own affidavit in the ordinary form, showing that plaintiff was without property of any kind and was a nonresident of Ingham county, and further alleging that her cause of action was without merit, trivial, and vexatious. This was opposed by the affidavit of plaintiff, which admitted her poverty, and charged that, by reason of false statements in an alleged interview made by defendant and published in the newspapers that she was blackmailing him, he had rendered it impossible for her to obtain security for costs; that her cause of action was not trivial, as appeared from her declaration therein. She also filed several affidavits showing her character for virtue, honesty, and integrity. This motion was heard on

January 10, 1910, and an order was entered that plaintiff file a bond in the sum of $100 for security for costs within 30 days, or show cause why the same should not be filed, and staying in the meantime all proceedings on the part of the plaintiff.

Afterwards, on January 18, 1910, during the above period of 30 days, the defendant, without notice, made a motion "to increase the amount for which security of costs shall be filed," and to require the plaintiff to furnish security for such increased amount, giving, in addition to the reasons relied on in the first motion, that the amount asked was not large enough and that plaintiff was mentally irresponsible and weak. This motion was supported by a number of affidavits in support of the claimed mental weakness of plaintiff, and an affidavit of defendant showing the probable expense to him of a trial of the cause. Defendant made no affidavit of merits and stated no new facts or circumstances upon which said motion was based. This motion was opposed by plaintiff upon the ground, among others, that it was unusual and irregular. It came on to be heard and was granted February 7, 1910, by an order setting aside the order of January 10, 1910, and ordered plaintiff to file within 30 days a general security for costs or show cause why such security should not be furnished. The plaintiff did not furnish the bond. Two days after the expiration of the 30 days, plaintiff moved to set aside the order of February 7th, among other grounds setting up the wrongful conduct of defendant already indicated, whereby she was deterred and defeated in her efforts to obtain such security. Pending this motion, on March 14, 1910, defendant moved to dismiss the cause on the ground that plaintiff had not complied with the order of February 7th, and had not filed security for costs or shown sufficient cause therefor. This motion was heard and granted March 21st, and the cause was dismissed. On March 24th the plaintiff moved to vacate this order. This motion was denied March 28, 1910.

The principal and practically the only question involved

is whether the court erred in entertaining and granting the motion of defendant asking for a general security for costs, by the order made February 7, 1910, and in granting the motion to dismiss plaintiff's cause for not complying with such order.

It is apparent that the practice followed by defendant in making the second motion for further security for costs pending the first, under the circumstances disclosed by this record, was unusual, in that no new facts or conditions had arisen since the first application.

It appears to be well settled upon authority that, to authorize an order requiring new security for costs, it is essential that there shall have been a change in the circumstances of the case, of the parties, or of the surety. The mere fact that the security was insufficient when taken will not authorize an order requiring new security. 11 Cyc. p. 190; *Martin* v. *Hazard Powder Co.*, 93 U. S. 302; *Jerome* v. *McCarter*, 21 Wall. (U. S.) 17. The application must show that new facts have arisen since the security was given, making additional security necessary. 11 Cyc. p. 191, and cases cited.

By parity of reasoning, in a case where an application has been made for security for costs and an order granted thereon, and a second application is made pending the time allowed to comply with such order, in the absence of new facts or conditions shown to have arisen, the same rule would apply.

Therefore the application under review in this case was insufficient to warrant the court in granting the order, and the order made under such circumstances is reviewable on the ground that it was granted on an insufficient showing. Nothing appears in this application that was not, or should not have been, within the knowledge of defendant at the time of the first application. The motion of plaintiff to set aside this order, granted March 21, 1910, should therefore have been allowed for the reasons stated, and the court was in error in denying such motion.

The judgment of the circuit court against plaintiff, dismissing her cause with costs, is therefore reversed and set aside, and said cause will be reinstated and proceed to trial. Plaintiff will recover costs of both courts.

BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.