## SNYDER v. BERRIEN CIRCUIT JUDGE.

CONTINUANCE—WITNESSES—MANDAMUS—AFFIDAVITS.

An affidavit for continuance, on the ground that a material witness is absent from the jurisdiction, is not met by a counter-affidavit in opposition thereto showing that the alleged absent witness is the husband of plaintiff, who does not consent to his giving testimony against her; since the husband's testimony may be competent within the exceptions of 3 Comp. Laws, § 10213 (5 How. Stat. [2d Ed.] § 12857).

Mandamus by Margaret Snyder against George W. Bridgman, Berrien circuit judge, to compel respondent to vacate an order granting a continuance in a cause in which petitioner was plaintiff and one William F. Stine defendant. Submitted June 10, 1913. (Calendar No. 25,743.) Writ denied July 18, 1913.

*O'Hara & O'Hara,* for relator.

*Gore & Harvey,* for respondent.

MOORE, J. We quote from the brief for the relator:

"This is an application for a mandamus to compel the respondent to set aside an order made by him on May 19, 1913, continuing a cause pending in his circuit, in which relator was plaintiff and one William F. Stine was defendant, over the April term unto the September term, 1913, of the circuit court for the county of Berrien, and to reinstate said cause on the docket for trial at the present (April) term of said court."

The case had been set for trial. We again quote:

"On May 16, 1913, defendant's attorneys filed an affidavit and motion for a continuance over the April term, on the sole ground that an alleged witness named William Snyder was out on the Pacific coast, and that he was a necessary and material witness, without whom defendant could not safely proceed to trial, etc., and that he expected to have said Snyder or his deposition at the next term of said court."

The application was for a first continuance, and was contested. We again quote:

"On May 17, 1913, relator made an affidavit, which affidavit was filed in said circuit court on May 19, 1913. In this affidavit she sets up that the alleged witness William Snyder is her lawful husband, they being married some 13 years, and that about April 15, 1913, her husband went to the Pacific coast to locate, and that it was the intention of relator and her husband for her to move the family out to the coast and permanently reside there as soon as the husband was located there. That her husband would not be a witness for defendant, and under the laws of this State could not if he would, without her consent, and she alleged in said affidavit that she would not consent. * * * Plaintiff thereupon applied to this court for a writ of mandamus to compel the said circuit judge to vacate his order continuing the cause over to the September term of said circuit court, and to reinstate said cause upon the docket for the present term of said circuit court for trial."

A reference to the affidavits shows that the one filed

by defendant made a *prima facie* case for continuance. The affidavit filed on the part of the relator sets up the fact of the marital relation existing between the witness Snyder and the affiant, and closes as follows:

"Affiant further says she is advised by James O'Hara, one of her counsel herein, that under the laws of this State a husband cannot be examined as a witness against his wife without her consent, and while she knows that her said husband would not and could not testify to anything against her right to recover in this action, she hereby notifies the court, counsel, and other party to this suit that she does not consent to his testifying at all."

It does not appear in this affidavit upon what subject the witness will testify, nor is such a statement of facts shown as to take the case out of section 10213, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12857), as construed by this court in *Hunt* v. *Eaton*, 55 Mich. 362 (21 N. W. 429). The case of *Geddis* v. *Wayne Circuit Judge*, 151 Mich. 122 (114 N. W. 874), if not controlling, is at least suggestive.

The writ is denied, with costs.

STEERE, C. J., and McALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.