STEWART OGDEN v. WILLIAM MOORE.

*Equity pleading—Amendment of bill—Inconsistent averments.*

Matter inconsistent with or repugnant to the substantive allegations of the original bill cannot be introduced by amendment.

Appeal from Osceola. (Judkins, J.) Submitted on briefs January 19, 1893. Decided April 14, 1893.

Bill for specific performance of contract. Order overruling demurrer reversed, and bill dismissed, without prejudice. The facts are stated in the opinion.

*Charles A. Withey,* for appellant.

*Melville Stone,* for complainant.

McGRATH, J. This is a bill filed to enforce specific performance of a land contract. R. entered into a written contract for the sale to G. of lot 13, block 9, in the village of Reed City. G. subsequently entered into a written contract for the sale of 24 feet off the north end of lot 13 to H., and H. went into possession of the 24 feet, erecting a stable thereon, and remaining in possession. G. afterwards assigned the first-named contract to O., the complainant. The assignment is indorsed upon the contract, and transferred to O. all G.'s "right, title, and interest." O. "orally agreed" to carry out G.'s contract with H. O. went into possession of lot 13, except as to the 24 feet, and erected a livery barn thereon, and stocked the same. The bill, after setting forth the foregoing, alleges that subsequently, O. being in possession of said premises, and—

"Being desirous of selling said premises, and the said stock of livery, and one William Moore being minded to purchase the same, your orator and said William Moore entered into an agreement in writing respecting the sale and purchase of said premises, and said stock of livery; a copy of said agreement, and inventory of said stock, being hereto attached, and marked exhibits B. and C."

Said agreement is an ordinary land contract, in which O. agrees to sell and convey to M. lot 13, of block 9, upon payment of a sum fixed, the last installment of which was to become due and payable April 8, 1889, and M. agrees to purchase said lot 13 at the price named. O. agrees, on receiving payment, to execute and deliver to M. a good and sufficient deed of the described premises. H. is not mentioned in said contract, nor is any reference made to the 24 feet aforesaid. The bill further states that the situation was fully explained to M., and that M. was

informed of H.'s interest, and of O.'s obligations respecting that interest.

"That it was then and there agreed by and between your orator and said William Moore that the said Moore would purchase said premises, and assume and carry out the terms of the oral agreement existing between your orator and said George H. Gilbert, as above stated. And it was fully and fairly understood by and between your orator and said William Moore that your orator would sell and convey, and that said Moore purchased, said lot 13, of block nine (9), of the village of Reed City, excepting and reserving said 24 feet off the north end thereof. And the said William Moore then and there assumed and agreed to carry out the terms of your orator's oral agreement with respect to the same, and to deed and convey said 24 feet to the said Howden, or his assigns, upon his, said Moore's, acquiring title thereto."

That Moore was put into possession of the premises, except said 24 feet; that the last installment of the purchase price has become due and payable from said M. to O.; that O. has procured from R. a deed of the entire lot; that he tendered a deed of said lot, except said 24 feet, to M., but M. refused to accept said deed, and refused and neglected to pay the said last installment, and "refuses to stand to and abide by the terms and conditions of the oral contract entered into on his part with your orator, and claims that your orator is bound to convey to him all of said lot 13, and that your orator must dispossess and remove the parties in possession of said north 24 feet, and that he, said Moore, should have full title and entire possession of all of said lot, and claims that the oral agreement made between your orator and said Moore is of no force and effect; that his written contract calls for title to all of said lot, and that he will not pay the balance due your orator unless said conveyance and possession be made and given to him."

"That the oral contract entered into by and between your orator and said William Moore was entered into in good faith on the part of your orator, and your orator relied upon the promises made upon the part of said Moore to carry out and execute the terms of their said oral agreement with respect to the conveyance of the said 24 feet, when he, said Moore, should obtain title to said lot. And your orator fully and fairly believed that the oral

covenants and agreements entered into between your orator and said William Moore were as forceful and binding upon them as though the same were in writing, and signed by your orator and said William Moore."

The bill prays that M. may be compelled specifically to perform said agreement, and to pay the balance of said purchase money.

Defendant demurred, and the court sustained the demurrer, but allowed complainant to amend on payment of a solicitor's fee.

Complainant filed an amended bill, in which he sets forth that, by the terms of the agreement made between himself and defendant, complainant agreed to convey to defendant said lot 13, except the said 24 feet; that said M. further agreed to convey the north 24 feet of said lot to H. when he had received his title thereto; that the written contract between the parties—

" Does not truly represent the mutual understanding between your orator and said Moore; and that by mistake or oversight the covenant on the part of your orator to assign the Reed-Gilbert contract (Exhibit A) to said Moore when the payments due to your orator had been made was left out, and also the covenant that said Moore should convey the north 24 feet of said lot to said Howden, or his assigns, was left out of said written agreement; that the said mistake or oversight in the omission of said conditions from said written agreement was mutual on the part of your orator and said William Moore; that your orator and said Moore signed said agreement believing the same covered all the essential conditions of the contract herein set forth."

The amended bill prays that defendant may be compelled specifically to perform said agreement; that a correction and reformation of said written contract may be made; and that defendant may be decreed to pay the balance due upon said contract, and receive his deed to all of said lot 13, and make and execute a deed of the north 24 feet to H.

To the amended bill, defendant again demurred. The court overruled the demurrer, and defendant appeals. The demurrer goes to the whole bill. Both are sworn bills.

The theory of the original bill is that defendant's obligation to convey to H. the 24 feet rests in parol, and that the written contract between O. and M. was entered into, relying upon the oral undertaking; while the theory of the amended bill is that the agreement was that M. should convey the 24 feet to H., but that by mistake or oversight the covenant on the part of O. to assign the R. and G. contract to M., and also the covenant that M. should convey to H., were left out of said agreement. The substantive allegations of the original bill are that O. and M. entered into an agreement in writing respecting the sale and purchase of said premises, a copy of which is attached, and that said M. at the same time entered into an oral agreement with O., and that M., "refuses to stand to and abide by the terms and conditions of the oral contract entered into on his part with your orator;" that O. relied upon the oral promises made by M., and O. fully and fairly believed that the said oral covenants and agreements were as forceful and binding as though in writing, and signed by both. The substantive averment of the amended bill is that O. relied, not upon oral promises, but upon the written agreement, from which, by mistake or oversight, certain covenants were omitted.

The rule is well settled that matter which constitutes a new bill, or matter inconsistent with or repugnant to the substantive allegations of the original bill, cannot be introduced by amendment. Jennison, Ch. Pr. 97; 1 Daniell, Ch. Pl. & Pr. (5th ed.) *402, § 8, note 8; 1 Barb. Ch. Pr. 207; *Freeman v. Bank,* Har. Ch. 311; Chancery Rule No. 21. The amendment is regarded as a continuation of the original bill, and as forming a part of it. Both constitute but one record. 1 Daniell, Ch. Pl. & Pr. *402; *Munch*

*v. Shabel,* 37 Mich. 166. The bill, therefore, embraces two inconsistent theories, based upon inconsistent and repugnant averments.

The order of the court below must be reversed, and the bill dismissed without prejudice, with costs of both courts to defendant.

The other Justices concurred.