SKUTT *v.* KENT CIRCUIT JUDGE.

MANDAMUS—AMENDMENTS—WRIT OF ERROR—REMEDY.

*Mandamus* is not a proper remedy to review the action of a circuit judge in vacating an order permitting an amendment to a plea, as the remedy by writ of error is adequate.

*Mandamus* by Henry Skutt to compel Alfred Wolcott, circuit judge of Kent county, to vacate an order setting aside an order allowing an amendment to a plea. Submitted April 5, 1904. (Calendar No. 20,445.) Writ denied May 5, 1904.

*Smedley & Corwin*, for relator.

*C. H. Gleason* (*Arthur Lowell*, of counsel), for respondent.

PER CURIAM. Relator was defendant in a suit reversed by this court because a settlement made with the plain-

tiff was not admissible under the plea of the general issue. See *Sunlin* v. *Skutt*, 133 Mich. 208 (94 N. W. 733). After the *remittitur* was filed in the circuit court, respondent granted a motion of defendant to amend his plea by adding notice of settlement. Later, respondent set aside the order granting said motion, on the ground that he had exceeded his power in granting it. The position of the respondent was that, the case having been appealed from the justice to the circuit court, the granting of said motion made such a change of the issue as to be prohibited by the decisions of this court. See *Loranger* v. *Davidson*, 110 Mich. 605 (68 N. W. 426), and cases there cited. Relator claims that respondent had power to make the first-mentioned order, and seeks by *mandamus* to compel the vacation of said last-mentioned order.

Under the decision of *Anderson Carriage Co.* v. *Pungs*, 127 Mich., at page 546 (86 N. W. 1040), relator can, if he is right in his present contention, obtain complete relief by having a final judgment against him reviewed upon writ of error. We are bound to say, under our recent decisions (see *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417 [72 N. W. 249], *Blackburn* v. *Alpena Circuit Judge*, ante, 48 [98 N. W. 754], and *Cattermole* v. *Ionia Circuit Judge*, ante, 274 [99 N. W. 1]), that the remedy by writ of error is entirely adequate, and that therefore the *mandamus* applied for should be denied, with costs.