CITY OF FLINT *v.* GENESEE CIRCUIT JUDGE.

146  439
f150  1    6
150  1615
146  439
f151  1127
146  439
152  1644
14ɔ  439
s157  595

1. MANDAMUS—PROPRIETY—ADEQUACY OF OTHER REMEDY—ERROR.
   A writ of mandamus will not be granted where a writ of error will afford adequate relief.

2. APPEAL AND ERROR — REMEDY FOR REVIEW — ERROR — FINAL ORDERS.
   An order which puts an end to a suit is a final judgment reviewable by writ of error.

3. SAME—ORDER DISMISSING APPEAL—FINALITY.
   An order dismissing an appeal from probate court, on the ground that the circuit judge does not find in the papers filed a sufficient showing of authority to take the appeal, is a final order reviewable by writ of error.

4. SAME—RECORD—BILL OF EXCEPTIONS—NECESSITY.
   Where everything essential to a proper determination of the alleged error of the circuit court in dismissing an appeal from probate court is found in the papers on file and entries made in the cause, no bill of exceptions is necessary to bring the issue before this court on writ of error; but any essential thing found outside the papers filed or entries made must be brought into the record by bill of exceptions.

Mandamus by the city of Flint to compel Charles H. Wisner, circuit judge of Genesee county, to set aside an order dismissing an appeal. · Submitted October 2, 1906. (Calendar No. 21,947½.)   Writ denied November 24, 1906.

*De Vere Hall* (*Homer J. McBride*, of counsel), for relator.

*M. W. Stevens, Brennan & Cook, John J. Carton, Black & Roberts,* and *Brown & Farley,* for respondent.

PER CURIAM.   Respondent dismissed an appeal taken in relator's name from the probate to the circuit court upon the ground that relator had not authorized said appeal to be taken.   Relator applies to this court for a

mandamus directing respondent to vacate said order of dismissal. The question arises: Is mandamus the appropriate remedy? It is settled by many recent decisions of this court that a writ of mandamus will not be granted where a writ of error will afford adequate relief. *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270; *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417; *S. K. Martin Lumber Co.* v. *Menominee Circuit Judge*, 116 Mich. 354; *Mardian* v. *Wayne Circuit Judge*, 118 Mich. 353; *Reed* v. *St. Clair Circuit Judge*, 122 Mich. 153; *Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490; *Maynard* v. *Ingham Circuit Judge*, 124 Mich. 465; *Grand Rapids, etc., R. Co.* v. *Charlevoix Circuit Judge*, 133 Mich. 122; *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274; *Skutt* v. *Kent Circuit Judge*, 136 Mich. 477; *Roberts* v. *Lenawee Circuit Judge*, 140 Mich. 115; *Sharp* v. *Montcalm Circuit Judge*, 144 Mich. 328; *Hitchcock* v. *Wayne Circuit Judge*, 144 Mich. 362; *Cosgrove* v. *Wayne Circuit Judge*, 144 Mich. 682.

Will a writ of error afford relator adequate relief? A writ of error lies to review the final order or determination of the circuit court. Section 10484, 3 Comp. Laws. It is settled by our decisions that an order which puts an end to a suit is a final judgment reviewable by writ of error. See *In the Matter of Hicks*, 20 Mich. 129; *Orsland* v. *Wayne Circuit Judge*, 138 Mich. 395. Accordingly, it has been held that an order dismissing an appeal (*McCombs* v. *Johnson*, 47 Mich. 592; *Willis* v. *Gimbert*, 27 Mich. 91), an order quashing a writ (*Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490; *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274; *Paulus* v. *Grobben*, 104 Mich. 42; *Shaw* v. *Ashford*, 110 Mich. 534), an order denying leave to appeal (*Capwell* v. *Baxter*, 58 Mich. 571), are final orders reviewable by writ of error.

It follows that the order complained of dismissing the appeal is a final order reviewable by writ of error.

Relator, while saying that it might be otherwise had the respondent dismissed the appeal because of defects appearing on the face of the petition or bond for appeal, contends that mandamus is the proper remedy in this case because he " has gone outside of these, and dismissed the appeal for the reason that he does not find in the papers filed a sufficient showing of authority to take the appeal." We do not regard this distinction as important. Unless relator is right in its contention that respondent in dismissing the appeal committed an error which this court can correct, it is not entitled to relief, either by mandamus or by writ of error, and, if it is right, the remedy by writ of error is entirely adequate.

In deciding this motion we necessarily decide that a writ of error will bring before us everything essential to a proper determination of the alleged error of the trial court. If all this is found in the papers on file and entries made in the cause, no bill of exceptions is necessary. In such a case those papers and entries relating to the order of dismissal constitute the record which will be transmitted to this court in obedience to the order contained in the writ of error. *McCombs* v. *Johnson, Paulus* v. *Grobben, Shaw* v. *Ashford,* and *Capwell* v. *Baxter,* supra, are such cases, and they sustain the foregoing propositions, for each of them was reviewed by this court upon writ of error without a bill of exceptions. If, on the other hand, anything essential to the proper determination of the alleged error is found outside of the papers filed or entries made, a bill of exceptions is necessary. *Willis* v. *Gimbert,* 27 Mich. 91, appears to have been such a case. In that case upon the hearing of a motion to dismiss (this we have learned by examining the original record), some evidence was introduced which was not contained in the papers filed or entries made. There a bill of exceptions was settled, and the case reviewed in this court by writ of error.

The application for a mandamus is denied, but without costs.