KINGSLEY v. KENT CIRCUIT JUDGE.

MANDAMUS—APPEAL AND ERROR — ADEQUATE REMEDY — CAPIAS AD RESPONDENDUM—DISCHARGE.

Mandamus does not run for the purpose of vacating an order discharging a defendant taken upon a capias; the remedy by writ of error is adequate.

Petition by Mae L. Kingsley for a writ of mandamus to compel Willis B. Perkins, one of the Kent circuit judges, to vacate an order discharging one Mark B. Thompson from arrest on *capias ad respondendum*. Submitted June 4, 1912. (Calendar No. 25,104.) Writ denied July 11, 1912.

*Earl W. Munshaw* and *Louis T. Herman,* for relator.

*Martin H. Carmody,* for respondent.

PER CURIAM. This is an application for a writ of mandamus to compel the respondent to set aside an order made by him in a cause pending in the Kent circuit court upon the motion of one of the defendants therein, respondent thereby ordering and determining "that the said writ of *capias ad respondendum* and the order holding the said defendant Mark B. Thompson to bail indorsed thereon, and service thereof, be, and is hereby, dismissed as to said Mark B. Thompson," and also the bail bond delivered for defendant's appearance in said cause, and the special bail given was discharged and the sureties released.

It is contended on the part of the respondent that mandamus is not the proper remedy; that, the order being in effect a judgment, a complete and adequate remedy is open to plaintiff by writ of error. That this is the rule repeatedly held by this court is well settled. *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274 (99 N. W. 1), and cases cited. A careful study of the decision in this case is recommended. In no respect can the instant case be distinguished from it. The writ, the motion, and the order quashing the writ and the proceedings under it are identical. Relator has a complete and adequate remedy by writ of error.

The writ of mandamus is therefore denied.