TRUMBULL MOTOR CAR CO. v. WAYNE CIRCUIT JUDGE.

1. MANDAMUS—DISCRETIONARY NATURE OF WRIT—JURISDICTION.

The writ of mandamus will be allowed to require the lower court to take jurisdiction of a proceeding or action because a refusal to take jurisdiction would tend to deprive the litigant of any remedy, but if jurisdiction be wrongfully assumed the determination may be reviewed by appeal or writ of error, in which case mandamus is not ordinarily granted.

2. SAME—ABATEMENT—QUASHING SERVICE.

Hence, the refusal to quash service of process on a foreign corporation for the reason assigned that the point should be presented by a plea in abatement, the court retaining jurisdiction over the parties and denying the motion amounted to the retention of jurisdiction and it could be reviewed on error. The remedy at law was adequate, and mandamus will not issue.

Mandamus by the Trumbull Motor Car Company against Patrick J. M. Hally, one of the circuit judges for the county of Wayne, to require respondent to vacate an order denying relator's motion to quash service of process in an action in which it was defendant.

Submitted October 5, 1915. (Calendar No. 26,859.)
Writ denied December 22, 1915.

*Moore & Moore,* for relator.

*Albert McClatchey,* for respondent.

PERSON, J. On the 17th day of May, 1915, Henry
N. Backus, Burr Lobdell, and Herbert W. Cheney, as
copartners, doing business as the Badger Cycle Car
Company, began an action in assumpsit against the re-
lator, the Trumbull Motor Car Company, in the cir-
cuit court for the county of Wayne. The defendant
is a foreign corporation, organized under the laws of
Connecticut, with its principal place of business at
Bridgeport in that State. The declaration, with rule
to plead and notice thereof, was served upon one Rob-
ert R. Adams, in the city of Detroit, as agent of the
defendant. Claiming that such service was insuffi-
cient and void, the relator, defendant in the action,
moved the circuit court to quash the service and dis-
miss the case. This motion was denied by the circuit
judge.

It is claimed by counsel for relator that the circuit
judge practically refused to pass upon the sufficiency
of the service, holding that the question should have
been raised by plea in abatement instead of by mo-
tion. The return, however, shows that this is a mis-
understanding. The circuit judge did pass upon the
motion and overruled it. In doing so he says he found
as a fact that Mr. Adams was defendant's agent; and
he could not well have found otherwise, inasmuch as
the agency was positively averred in the affidavit of
service, and was not disputed in any of the affidavits
filed by the defendant. What the circuit judge did
decline to find was whether the defendant was doing
a local business in Michigan, and whether any part of
the contract was to be performed in this State.

It is true that defendant's counsel had offered to consent to the framing of an issue and to the taking of proofs as to the facts, but neither side requested that such issue be framed, and the motion was actually submitted on affidavits. And this was the reason why the judge would not decide the facts above mentioned. He claimed to be unable to do so upon mere affidavits; and, in making the order overruling the motion, he reserved the right to the defendant of filing a plea in abatement and thereby raising such issues and taking such proofs as to the service as he should deem material. Counsel for defendant, however, had declined to avail himself of this privilege, preferring to insist upon his motion, and has come to this court, asking for a mandamus requiring the circuit judge to set aside the service of the declaration and dismiss the action. In this we think that the defendant, the relator here, has mistaken his remedy. It is true that mandamus has sometimes been granted in such cases, as in *Grand Trunk R. Co.* v. *Circuit Judge*, 106 Mich. 248 (64 N. W. 17), and the earlier cases cited in relator's brief. But mandamus is not a writ of right, and, as a general rule, will not lie where the law has provided another remedy. In *Michigan Mutual Fire Ins. Co.* v. *Circuit Judge*, 112 Mich. 270 (70 N. W. 582), attention was called to "the growing frequency of applications for mandamus asking this court to review the action of subordinate courts, resulting in overloading this court with work which does not finally dispose of the case," and a determination was there indicated, on the part of this court, to adhere more strictly in the future to the general rule above mentioned. And it was said in that case:

"The writ will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had jurisdiction in fact, because, if the writ was not entertained under such circum-

stances, the party would be without remedy. On the contrary, if the court claims jurisdiction in a case where it is not entitled to exercise it, such action of the court can be reviewed by appeal or writ of error. In such a case the writ of mandamus ought not to issue."

In that case, as in the one at bar, it was attempted by mandamus to have the service of process set aside, and the writ was denied for the reason above given.

In *Cattermole* v. *Circuit Judge,* 136 Mich. 274 (99 N. W. 1), the opinion, in referring to the above case of *Michigan Mutual Fire Ins. Co.* v. *Circuit Judge,* says:

"When that opinion was written, it was the deliberate intention of the court to reduce the practice by mandamus to uniformity, so far as practicable, with reference to the disposition of cases upon jurisdictional questions, denying the writ, under the well-settled rule, where jurisdiction was retained."

And in *City of Flint* v. *Circuit Judge,* 146 Mich. 439 (109 N. W. 769), this court considered in some detail the office and scope of a writ of error, and what matters would be brought up by such writ. See, also, *Mikkola* v. *Circuit Judge,* 165 Mich. 583 (130 N. W. 1118), and the cases therein cited.

In the instant case the circuit court retained jurisdiction by its order overruling the motion, and relator has a complete remedy by writ of error if it desires to stand upon, and not to waive, its alleged rights. It had also the privilege of testing the sufficiency of the service by plea in abatement, and of bringing the resulting judgment to this court by writ of error, if not satisfactory.

The writ is denied.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.