FIRST NATIONAL TIRE & RELINER CO. *v.* JOHNSON.

1. APPEAL AND ERROR — CAPIAS QUASHED — DISMISSAL — WRIT OF ERROR.
    Where a writ of *capias ad respondendum* is quashed, and the case dismissed, writ of error is the proper remedy to review same, since there is a final judgment.

2. SAME—CAPIAS QUASHED—SUIT TO BE CONTINUED.
    Where the trial court found that the affidavits upon which a writ of *capias ad respondendum* was granted were in-

sufficient, he properly ordered that the writ be quashed, the order holding to bail be vacated, that said writ be continued as a summons, and that the suit be continued as if commenced by writ of summons.

3. Same—Judgment—Review.

Said order, not being a final judgment or determination, is not reviewable on writ of error.

Error to superior court of Grand Rapids; Dunham (Major L.), J. Submitted January 13, 1921. (Docket No. 8.) Decided March 30, 1921.

*Capias ad respondendum* proceedings by the First National Tire & Reliner Company against Stuart R. Johnson. From an order quashing the *capias* and continuing the writ as a summons, plaintiff brings error. Writ of error dismissed.

*Smedley & Linsey,* for appellant.

*William J. Landman,* for appellee.

Wiest, J. This suit was commenced by *capias ad respondendum.* Defendant was arrested and gave bail to the sheriff and appeared specially in the case and moved the court to quash the writ, vacate the order to hold to bail and to discharge the bail bond given the sheriff, claiming the affidavits upon which the writ was granted were insufficient. The trial court ordered that:

"The writ, as a *capias,* be and hereby is quashed and the order holding to bail be, and hereby is, vacated and set aside, and that said writ continue as a summons, and the said suit be, and hereby is continued as if commenced by writ of summons."

The court also discharged the bond given by defendant to the sheriff. Plaintiff brings this decision up for review on writ of error.

Defendant makes the point that the order cannot be

reviewed on writ of error pending the trial of the case.

Plaintiff contends that writ of error is the proper remedy where an order is granted quashing a writ of *capias,* and vacating the order to hold to bail, citing *Sheridan* v. *Briggs,* 53 Mich. 569; *Paulus* v. *Grobben,* 104 Mich. 42; *Shaw* v. *Ashford,* 110 Mich. 534.

It will be noticed that in those cases there were final judgments rendered. If the writ is quashed and the case dismissed, writ of error is the proper remedy. *Dages* v. *Sanilac Circuit Judge,* 122 Mich. 490; *Cattermole* v. *Ionia Circuit Judge,* 136 Mich. 274; *City of Flint* v. *Genesee Circuit Judge,* 146 Mich. 439; *Kingsley* v. *Kent Circuit Judge,* 171 Mich. 305.

The order complained of did not put an end to the suit. The court below was right in directing that the writ continue as a summons and the suit proceed. *Kirby* v. *Soule,* 178 Mich. 406; *H. J. Cheney Co.* v. *Allgeo,* 165 Mich. 384. With the case so continuing in the court below and no trial on the merits yet had, there has been no final judgment or determination for review on writ of error.

The writ of error sued out by the plaintiff is dismissed, with costs of this court to appellee.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.