DAY *v.* CHAMBERLAIN.

1. HUSBAND AND WIFE — AGREEMENT TO EFFECTUATE FUTURE SEPARATION VOID—PUBLIC POLICY.
   A separation agreement between husband and wife made, not·in recognition of an existing separation, but to effectuate, and in contemplation of, a future separation, the parties living and cohabiting together at the time and for nearly two months thereafter, is void as against public policy.

2. CONTRACTS—VOID AS AGAINST PUBLIC POLICY NOT ENFORCEABLE.
   If a contract is void as against public policy, the court will neither enforce it while executory, nor relieve a party from loss by having performed it in part.

Appeal from Ottawa; Cross (Orien S.), J.    Submitted April 6, 1923.    (Docket No. 42.)    Decided June 4, 1923.

Bill by Lillian R. Green-Day, individually and as administrator of the estate of Harry B. Green, deceased, against Frank L. Chamberlain and another to set aside a transfer of real and personal property, and for an accounting.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

*Smedley, Linsey & Shivel,* for plaintiff.
*Corwin & Norcross,* for defendants.

CLARK, J.    Lillian R.·Green and Harry B. Green, husband and wife, and their son Marian, about 9 years of age, lived in Grand Rapids.    On July 22, 1919, a separation agreement was made.    The agreement:

"Whereas, said parties are husband and wife and cannot live happily together, and therefore, they agree

The validity of agreement between husband and wife renouncing marital rights is discussed in note in 12 L. R. A. (N. S.) 848.

to separate and live apart and in consideration of the wife taking care of herself and buying her own clothes and paying her own board, the said husband agrees to give her two thousand ($2,000) dollars, on the execution and delivery of this agreement.

"The said husband agrees that if his wife is not married at the time of his death, that after the payment of his debts, she is to have all of his estate, to use as she sees fit as long as she shall remain his widow, and if she remarries then his estate shall go to his son, Marian, and the said husband agrees to make a will at the time of the execution and delivery of this contract, containing a statement to that effect, and at the time of the execution of this instrument, the said wife agrees to make a will in which she is to provide that when she dies, all of her property shall go to their son, Marian B. Green, and the will of the husband shall contain a like clause.

"The said husband agrees that the wife may apply to the probate court and be appointed guardian of their son, Marian B. Green, and the said son shall live with the said wife, but the said husband shall have the right for the son to visit him once each week if he, the husband, so desires. It is agreed between said husband and wife, that whether the said husband is dead or alive, that the said son shall have a business college education out of the funds of said wife, up to the time that he is twenty-one years of age. If the husband is alive during the time that said son is going to business college, his wife shall provide the tuition funds; but if the husband is dead, then the executor of the will of said deceased shall provide the funds for the business college education of said son.

"If the said wife shall obtain a decree of divorce and marry again, then she shall not inherit any of the property of said husband; but at the date of her marriage all the property shall go to the son, Marian B. Green, who shall have the use of said property during his minority, and the principal shall be paid to him when he is twenty-one years of age, and the said husband and wife agree that this clause shall be embodied in the husband's will. The will shall provide that the said will shall act as the executor of

the said husband's estate to continue until the estate is settled up.

"In witness whereof the parties have hereto set their hands and seals the day and year first above written.

"HARRY B. GREEN     (L. S.)
"LILLIAN R. GREEN   (L. S.)"

Wills were made on that day as contemplated by the agreement. Mr. Green was in poor health. The husband and wife continued to live and cohabit together as such until September 23, 1919. The wife filed a bill for divorce on September 27, 1919, and was granted a decree on March 4, 1920, by which she was given the custody of the child and the husband was ordered to pay to her $2,000 "which shall be in lieu of her dower rights," etc., as provided by 3 Comp. Laws of 1915, § 11436. Mr. Green paid as ordered. In the summer of 1920 he was suffering from anemia, urinary trouble and tuberculosis and without hope of recovery. The time of his approaching death was uncertain, but likely to occur within 3 years. He had property worth approximately $7,000. One of the defendants was his sister, the other his sister's husband. On March 28, 1920, Mr. Green went to live with defendants. In July, 1920, plaintiff married Mr. Day and went to Detroit to live. On August 2, 1920, Mr. Green entered into a written contract with defendants, by which, in consideration of his turning over his property to them, they agreed to care for him during the remainder of his life and to give him a suitable burial at death. This agreement was fully performed. After Mr. Green's death, plaintiff, as administratrix with his will annexed, and individually, filed this bill, based upon the separation agreement, praying that defendants account for the property, less reasonable deduction for his care and burial, that the son be decreed to have a vested in-

terest in the property, and that the agreement of August 2d be held to be void. After hearing the bill was dismissed.

Plaintiff has appealed and insists that the separation agreement was valid; that because of it the property held by Mr. Green after the divorce was a trust fund; and that the agreement with defendants was invalid.

The separation agreement was void as against public policy. It was made, not in recognition of an existing separation, but to effectuate, and in contemplation of, a future separation. The husband and wife were living and cohabiting together at the time and continued so to do for nearly two months thereafter. It is well settled that a separation agreement so made is void. See *In re Berner's Estate*, 217 Mich. 612; *Randall* v. *Randall*, 37 Mich. 563. And we state another applicable rule (quoting from syllabus) :

"If a contract is void as against public policy, the court will neither enforce it while executory, nor relieve a party from loss by having performed it in part." *Richardson* v. *Buhl*, 77 Mich. 632 (6 L. R. A. 457).

Having this view the other questions become unimportant.

The decree is affirmed, with costs to defendants.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.