LAPHAM v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—DISMISSAL OF DECLARATION FINAL JUDGMENT REVIEWABLE BY WRIT OF ERROR.

An order of the trial court dismissing a declaration and cause of action is a final judgment which disposed of the action, and for review of which a writ of error would lie, and would be the proper remedy (3 Comp. Laws 1915, § 13736).

2. MANDAMUS—WILL NOT LIE WHERE WRIT OF ERROR WILL AFFORD ADEQUATE RELIEF.

A writ of mandamus will not be granted where a writ of error will afford adequate relief.

3. SAME—MANDAMUS NOT WRIT OF RIGHT BUT OF DISCRETION.

The writ of mandamus is not one of right, but is one of discretion.

4. SAME—MANDAMUS WILL NOT LIE WHERE REMEDY BY WRIT OF ERROR NEGLECTED.

Where plaintiff, instead of seasonably pursuing his remedy of writ of error, on order of the court dismissing his declaration and cause of action, lay quiescent and allowed the time for settlement of bill of exceptions to expire, mandamus will not lie to compel setting aside order.

As to effect of existence of other adequate remedy as bar to relief by mandamus, see 18 R. C. L. 131; 3 R. C. L. Supp. 787; 6 R. C. L. Supp. 1055.

Mandamus by James Lapham to compel Royal A. Hawley, presiding circuit judge of Wayne county, to set aside an order dismissing a declaration in an action at law.    Submitted April 10, 1928.    (Calendar No. 33,603.)    Writ denied June 4, 1928.    Rehearing denied October 1, 1928.

*Arthur Jones,* for plaintiff.

*Carl R. Hospers* (*Ignatius J. Salliotte,* of counsel), for defendant.

FEAD, C. J.    This is a petition for writ of mandamus to compel the defendant to set aside an order made by him in the Wayne county circuit court, dismissing plaintiff's declaration and denying him leave to amend.

Plaintiff brought an action of ejectment.    The defendant therein made a motion to dismiss the declaration because it did not have attached thereto a statement of title as required by section 13184, 3 Comp. Laws 1915.    After argument, the court granted the motion.    Plaintiff moved orally to amend the declaration, but made no profert of amendment. His counsel then stated that his claim of title was through Charles L. Lapham and Julia Lapham, parents of plaintiff.    Counsel for the defendant suggested to the court and opposing counsel that the title claimed by plaintiff had been litigated in a former chancery suit brought by plaintiff against his mother in the Wayne county circuit court and also in the case of *Lapham* v. *Lapham,* reported in 239 Mich. 237.    After reading the decision, plaintiff's counsel announced that he knew of no new facts connected with the case which were not disclosed by the decision.    The court refused to permit plaintiff to amend his declaration because he made no profert of an amendment and because the suit was merely an attempted "retrial of matters which had already been conclusively and fully decided by

the Supreme Court." Plaintiff has not yet presented the amendments he desires to make to his declaration.

On October 1, 1927, the court entered an order dismissing the declaration, and—

"It is further ordered that the plaintiff's verbal motion to amend said declaration be denied and the said cause be dismissed with costs of ten ($10) dollars to the defendant."

No further proceedings appear to have been taken until January 17, 1928, when petition for mandamus was filed in this court. The order of the court was a final judgment which disposed of the action, and for the review of which a writ of error would lie, and would be the proper remedy. Section 13736, 3 Comp. Laws 1915; *Jewell* v. *Lamoreaux*, 30 Mich. 155; *Emerson, Talcott & Co.* v. *McCormick Harvesting Machine Co.*, 51 Mich. 5; *Recor* v. *St. Clair Circuit Judge*, 139 Mich. 156; *Brotherton Co.* v. *Jackson*, 231 Mich. 604.

It is settled that a writ of mandamus will not be granted where a writ of error will afford adequate relief. *City of Flint* v. *Genesee Circuit Judge*, 146 Mich. 439.

It is also fundamental that the writ of mandamus is not one of right, but is one of discretion. *Klatt* v. *Wayne Circuit Judge*, 212 Mich. 590. Plaintiff, instead of seasonably pursuing his remedy of writ of error, lay quiescent for a period of more than three months. He offers no excuse nor reason for the inaction. His case does not appeal to the discretion of the court.

Moreover, he has permitted expiration of the time for settlement of a bill of exceptions. Mandamus cannot be used as a storage reservoir of review.

The writ is denied, with costs to defendant.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.