STOWE *v.* MAY.

1. BAIL—DEFENSES OPEN TO SURETY ON BAIL BOND.
   Although defendant, against whom judgment was rendered, did not take advantage of defense of election of remedies by plaintiff, said defense is open to his surety in action on bail bond, where properly pleaded.

As to whether amendment of claim or pleading is discharge of surety on bail bond in civil actions, see annotation in 42 L. R. A. (N. S.) 484.

2. SAME—EXTENT OF LIABILITY—NOTICE.

 Surety on bail bond is entitled to know, when he signs, extent
 of his responsibility.

3. SAME—EFFECT OF AMENDMENT IMPOSING GREATER LIABILITY ON
 SURETY ON BAIL BOND.

 Where effect of amendment to declaration is to impose greater
 liability on surety on bond given to release defendant from
 arrest on *capias ad respondendum* than he originally assumed,
 by letting in new cause of action, surety will be discharged.

4. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

 Tests in determining whether amendment to declaration intro-
 duces new cause of action are (1) whether same evidence
 will support both original and amended declarations, and
 (2) whether same measure of damages will apply to both.

5. BAIL—AMENDING DECLARATION—DISCHARGE OF SURETY ON BAIL
 BOND.

 Where declaration alleging fraud and deceit in purchase of
 corporate stock was amended by adding count for rescission,
 and measure of damages under original count is different from
 that under added count, on which recovery was had, and evi-
 dence supporting one count would not support the other, the
 amendment introduced new and different cause of action, so
 that surety on bail bond releasing defendant from arrest on
 *capias ad respondendum* was discharged.

Error to Kent; Perkins (Willis B.), J. Submitted
June 7, 1929. (Docket No. 51, Calendar No. 34,361.)
Decided July 8, 1929. Rehearing denied Septem-
ber 4, 1929.

Assumpsit by Ernest A. Stowe against Meyer S.
May on a bail bond. From a judgment for plaintiff,
defendant brings error. Reversed, and judgment
ordered entered for defendant.

*McAllister & McAllister,* for plaintiff.

*Butterfield, Keeney & Amberg* (*Charles E. Ward,*
of counsel), for defendant.

POTTER, J. Plaintiff sued defendant on a bond signed by defendant as surety, given to release Carl N. Mather from arrest on a *capias ad respondendum* issued in a suit begun by plaintiff against Mather. There was judgment for plaintiff, and defendant brings error. The suit in which the bond sued on was given was *Stowe* v. *Mather*, 234 Mich. 385. In that case plaintiff sued for damages resulting from fraud and deceit in the purchase of corporate stock. He tried the case upon the theory of rescission. No amendment was made. This court held the remedies for fraud and deceit and the remedies for rescission were inconsistent. The case was reversed, and a new trial ordered. After the case was remanded to the circuit court, plaintiff amended the declaration by adding thereto a count for rescission, and upon the second trial elected to abandon any claim under the first count and proceed to trial and judgment upon the second count in the declaration. He recovered a judgment against Mather, which was here affirmed. In *Stowe* v. *Mather, ante,* 329, it is said:

"A defense attempted is that by a former declaration there had been an election of remedies. This is an affirmative defense, which was not pleaded, and which was not therefore available."

Defendant claims the bond sued on was given to release Mather from custody in a suit commenced for a cause of action set forth in the original declaration, that the declaration must be presented to the court at the time of issuance of the *capias,* and that defendant, as surety, is not liable where judgment was recovered for a cause of action not mentioned and set forth in the affidavit for the *capias ad respondendum* nor in the declaration pre-

sented to the court at the time of the issuance of the writ, and of which defendant had no knowledge or information when he signed as surety.

It was settled by *Stowe* v. *Mather,* 234 Mich. 385, that the cause of action in the first count of plaintiff's declaration was inconsistent with that in the second count. It is said:

"The plaintiff, if defrauded, had the choice of two inconsistent remedies: He might retain what he had received, that is, affirm the transaction and recover damages occasioned by the fraud; or he might rescind the sale and recover whatever of value he had parted with. The former action sounds in tort, and the measure of damages is the difference between what the stock actually was worth at the time of purchase and what it would have been worth had it been as represented. If the buyer elects to rescind and recover back, assumpsit for money had and received is a proper form of action."

In *Donovan* v. *Curts,* 245 Mich. 348, which involved a similar question, the court said:

"When the plaintiff discovered the fraud, she had a choice of two inconsistent and independent remedies. First, she could affirm the contract and sue for damages occasioned by the fraud; or second, she could rescind it and bring an action to recover the money which she had paid. She chose the first. She began suit by *capias,* and in both her affidavit and declaration alleged that she had an action for damages for fraud and deceit. Subsequently the writ was quashed by stipulation. Nothing further was done with the suit until more than a year later, when the amended declaration was filed on the theory of rescission. There was no mistake in the remedy first chosen. There was nothing to prevent a prosecution of her suit for damages on the theory of affirmance. She chose that remedy with full knowl-

edge of the facts, and in so doing irrevocably fixed the status of her rights. She could not thereafter rescind the contract. It was no longer voidable.''

Though defendant Mather did not take advantage of the election of remedies on the part of plaintiff, this question is open to defendant, and is properly raised by the pleadings herein.

The surety on a bail bond is entitled to know, when he signs, the extent of his responsibility. *Wheelwright* v. *Jutting,* 1 B. Moore, 51, 7 Taunt. 304, 1 Petersdorf, Abridgment, 396; 3 Petersdorf, Abridgment, 289–291. If the effect of an amendment to plaintiff's declaration is to impose a greater liability on the surety than he originally assumed by letting in a new cause of action, the surety will be discharged. *Townsend National Bank* v. *Jones,* 151 Mass. 454 (24 N. E. 593); *Kerr* v. *Sheriff,* 2 Bosanquet & Pullers Repts. 358; 1 Cyc. Pleading & Practice, 676. Bail will be discharged by an amendment changing the plaintiff's cause of action or adding a new one. 3 Am. & Eng. Enc. Law (2d Ed.), 637.

''If plaintiff amends his declaration by adding a count upon a cause of action which could not be given in evidence upon the original declaration as sent out with the writ or which is not contained in the affidavit to hold to bail, the bail must be discharged.'' *Hyer* v. *Smith,* 3 Cranch, C. C. 437, 12 Fed. Cases, No. 6979.

''It is also well settled that the bail are not held to a case not made by the affidavit. There are some decisions holding that if it clearly appears from the record that the recovery was confined to the matters in the affidavit, and if the record shows this, the addition of new averments or counts does not prejudice. But otherwise it is not the case the bail saw

fit to indemnify against." *Fish* v. *Barbour,* 43 Mich. 19.

In *Hurst* v. *Detroit City Railway,* 84 Mich. 539, the question arose as to the identity of a cause of action under the survivor act and under the death act. It is said:

"The proof of one would not sustain the other, and the right to damages, and the measure thereof, depended upon a different class and kind of proof, —one measured by the pecuniary value of the service of the child, less the cost of maintenance; and the other, the actual damage sustained by the child by reason of the injury."

In *Commonwealth* v. *Baxter,* 235 Pa. 179 (84 Atl. 136, 42 L. R. A. [N. S.] 484), it is said:

"It has been held that the two tests by which to determine whether an amendment introduces a new cause of action are: (1) Whether the same evidence will support both the original and amended declarations; and (2) whether the same measure of damages will apply to both; and if both of these fail, the new pleadings must be held to introduce a new cause of action."

It is conceded that when the stock was sold to plaintiff, the corporation was solvent. The measure of damages under the first count of plaintiff's declaration is the difference between the actual value of the stock at the time of purchase and what the stock would have been worth had the false representations been true. The measure of damages under the second count is the amount of money paid out by the plaintiff with interest to the date of judgment. Under the first count evidence of rescission was not competent. Under the second count it was essential. The measure of damages under the count

upon which recovery was had and the count set forth in the affidavit and declaration filed to procure the *capias* being different, and different evidence being necessary to support each of these counts, the amendment made by adding a new count to plaintiff's declaration upon which alone recovery was had must be held; under the facts, to have introduced a' new and different cause of action, and the surety upon the bail bond was discharged.

Judgment reversed, with costs to defendant. The case will be remanded, with instructions to enter judgment for defendant, with costs.

North, C. J., and Fead, Fellows, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.