KERR v. CITY OF DETROIT.

1. NEGLIGENCE—NOT PRESUMED.
   Negligence will not be presumed, but must be proved.

2. SAME—RES IPSA LOQUITUR.
   The mere fact of an accident is insufficient to impose a liability for negligence; doctrine of *res ipsa loquitur* not prevailing in this State.

3. CARRIERS—STREET RAILWAYS—NEGLIGENCE.
   Passenger on a street car is not entitled to recover for injuries to fingers caught in door closed by motorman in absence of showing of negligence.

4. PLEADING—AMENDMENT—DISCRETION OF COURT.
   It is entirely discretionary with the court to allow or disallow amendments to a declaration.

5. SAME—WHEN AMENDMENT PERMISSIBLE.
   To permit an amendment to a declaration, the same evidence should support both original and amended declarations, and the same measure of damages should apply to both.

6. SAME—ADDING COUNT—NEGLIGENCE—SUBSEQUENT NEGLIGENCE.
   Where, in an action for personal injuries, there was no evidence of negligence, the trial court did not err in denying plaintiff's motion to amend his declaration by adding a count for gross or subsequent negligence, since new evidence would be required to sustain it.

Error to Wayne; Hunt (Ormond F.), J. Submitted June 10, 1931. (Docket No. 54, Calendar No. 35,759.) Decided October 5, 1931.

Case by William Kerr against City of Detroit, department of street railways, a municipal corporation, for personal injuries. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Payne & Payne,* for plaintiff.

*Raymond J. Kelly* and *Leo A. Sullivan* (*A. Albert Bonczak,* of counsel), for defendant.

BUTZEL, C. J.   On March 12, 1927, William Kerr, plaintiff, boarded a street car to go from his place of employment to the corner of Manchester and John R. streets in the city of Highland Park, Michigan, where he was in the habit of changing cars for a Northwestern belt car in order to proceed to his home.   When he arrived at the place for changing cars, he found that the small "one-man" car was about to start.   The car has only one door, and is manned only by a motorman, who also acts as conductor.   He saw plaintiff coming and held the car.   Immediately upon his entering the car, it started around the curve.   Plaintiff claims that while he was taking his transfer ticket from his pocket and handing it to the motorman, the car was started.   He lost his balance, and, in order to avoid falling, put out his hand at a place where the door closed, it being still open; that thereupon the conductor-motorman closed the door and caused plaintiff's fingers to be fastened either in the jamb or crack of the door; and that he thereby suffered serious damages to his fingers and also to his shoulder and back due to a fall.

He further claims that there were no straps with which to steady himself, nor any railing around the space reserved for the motorman, and that he had to reach out his hand in order to save himself from a serious fall.   The door of the car swings and closes like an accordion.   He testified that he was familiar with the car, had used it, or a similar one, many times; that he knew that the cars jerked when they started.   He further claims that, after walking to

his seat, he arose and had an altercation with the conductor.

The trial judge stated that the plaintiff had failed to show any negligence on the part of the defendant, the city of Detroit, department of street railways, which owns and operates the street cars. Thereupon, notwithstanding the fact that more than three years had elapsed since the time of the accident, plaintiff sought to add a count to the declaration to the effect that after his hand was caught by the closing of the door, the motorman, instead of opening the door and thus releasing plaintiff's hand, shut the door more tightly and thus caused more severe injuries; that the failure to release the door after discovering that plaintiff's hand was caught constituted gross and wanton negligence. Plaintiff testified that this was due to the fact that the motorman became confused and pulled the door tighter instead of releasing it, and that it was not done intentionally. The trial judge held that the additional count stated a new cause of action against which the statute of limitations had run, as it had occurred more than three years previous to the filing of the new count to the declaration. The trial court directed a verdict in favor of defendant, and a judgment was entered accordingly.

Plaintiff admits the car was about to start when he entered it; that he was inside of the car when he offered the transfer to the conductor but dropped it on the floor; that he knew that the door was open and that it would be closed after he boarded the car; that he was standing at the fare box before the car was started; that he knew that the car jerked and he was familiar with its operations. The doctrine of *res ipsa loquitur* does not prevail in this State. Neither will negligence be presumed, nor is the mere

fact of an accident sufficient to impose a liability for negligence. *Renders* v. *Railroad Co.,* 144 Mich. 387, 390; *Perry* v. *Railroad Co.,* 108 Mich. 130. Somewhat similar situations have been passed upon by this court. In *Ottinger* v. *Railway,* 166 Mich. 106 (34 L. R. A. [N. S.] 225, 3 N. C. C. A. 323, Ann. Cas. 1912 D, 578), in affirming a judgment upon a directed verdict in a case where the plaintiff was injured shortly after she boarded a street car, we said:

"It is a well-known fact that steam and street cars are not so stopped that the standing passengers can avoid the tendency to fall without effort, and the same is true when the car starts. Not only is the making of time prohibitive of such deliberate starting of heavy vehicles as to avoid this, but the variation in the working of brakes prevents absolute uniformity in stopping."

To like effect is the case of *Clifford* v. *Railway,* 216 Mich. 377, where we again stated:

"Unless we are prepared to overrule the *Ottinger Case* the judgment for defendant must be affirmed. * * * It is obvious that more power must be applied to round a curve than to go in a straight direction. * * * Street cars start and stop quickly; this is a common incident to their efficient operation, and without it any semblance of rapid transit would be impossible. As was said by Mr. Justice HOOKER, speaking for the majority of the court in the case cited, after calling attention to the rule as to steam cars:

" 'There is quite as much justice in the application of the rule to street cars which are usually started as soon as the passengers enter, and in which, for the want of seats, choice, or other reasons, passengers frequently ride standing in the car or on the platform. So common and unavoidable is the overcrowding of street cars that straps are usually provided, and, if these cars could not lawfully be started until all passengers were seated, or if acceleration of and checking speed could not be prompt, the efficiency of such cars would be seriously impaired.' "

In *Camp* v. *Spring*, 241 Mich. 700, where plaintiff's fingers were caught in the door jamb by the closing of a door of a large sedan by a funeral director, verdict was directed in favor of defendant, and in affirming the decision, we said:

"While the books contain many cases holding common carriers liable for injuries to passengers occasioned by the acts of servants who should know that the passenger was in position where the closing of a door would cause injury, the rule is equally well settled that a common carrier is not liable where the servant had no reason to believe the passenger was in a position to be injured by the closing of a door. The closing of the door after plaintiff had entered the car was a usual and proper act, and defendant was not bound to anticipate so unusual an occurrence as plaintiff placing her fingers in the door jamb. Plaintiff was not confronted with a sudden emergency in which she might be excused from acting with care."

The court did not err in denying plaintiff's motion to amend his declaration by adding an additional count. It is entirely discretionary to allow or disallow amendments to a declaration. *Hoyt* v. *Wayne Circuit Judge*, 117 Mich. 172; *Lessnau* v. *Catholic Order of Foresters*, 163 Mich. 111. In order to permit an amendment to a declaration, the following are the tests laid down in *Stowe* v. *May*, 247 Mich. 566: Will the same evidence support both original and amended declarations? Would the same measure of damages apply to both? The proposed amendment would require different evidence to support it. There being no negligence shown in the first instance, it would require new evidence to show that defendant discovered plaintiff in a position of danger, and thereupon instead of releasing him from his

position of peril, wantonly and wilfully caused the injuries. The testimony of plaintiff showed that the second jam was caused unintentionally. The law makes an allowance where it is admitted that an emergency and sudden peril arose, and there was lack of coolness of judgment shown. *Myler* v. *Bentley*, 226 Mich. 384 (23 N. C. C. A. 859). Plaintiff's own admissions show that the negligence claimed in the second count of the declaration was neither wanton nor wilful.

Judgment is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.