EASTERN DISTRIBUTING CORP. *v.* LIGHTSTONE.

1. Contracts—Severability—Partly Legal and Partly Illegal—Recovery Under Common Counts—Obscene Magazines.

   Although no recovery may be had on contract for purchase price of magazines where contract permitted seller to select immoral magazines and obligated buyer to pay for all magazines selected, and seller did select and furnish magazines prohibited from circulation within State, yet, under common counts, there may be recovery for agreed price of legitimate magazines furnished, if they are severable from illegitimate ones.

2. Same—Right to Recover Where Contract Partly Illegal.

   Where agreement consists of several promises based on several considerations, fact that one or more of considerations are illegal will not avoid all promises, if those which are made on legal considerations are severable from others.

3. Same—Payments Made and Credited Not Disturbed.

   Where buyer rescinded contract for purchase of magazines, some of which were illegal, and seller brought action under contract and common counts for balance due, he is entitled to recover agreed price for legal magazines furnished, but payments made and credited on account for both legal and illegal magazines may not be disturbed.

4. Same—Application of Security to Legal Portion of Contract.

   Where security was posted for performance of contract to purchase magazines, some of which were illegal, no part of said security may be employed in payment for illegal magazines furnished, but it may be applied in payment for legal ones furnished.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted January 8, 1932. (Docket No. 99, Calendar No. 36,163.) Decided March 2, 1932.

Assumpsit by Eastern Distributing Corporation, a New York corporation, against Richard R. Light-

stone, doing business as Michigan News Company, under contract and common counts for furnishing magazines.  Judgment · for defendant.  Plaintiff appeals.  Reversed, and new trial granted.

· *Irwin I. Cohn* (*Sidney J. Karbel,* of counsel), for plaintiff.

*Davidow & Davidow,* for defendant.   .

Wiest, J.  Under a written contract plaintiff furnished defendant with magazines for resale in the city of Detroit.  The written contract did not state the prices to be paid for the different magazines, but this was agreed upon between the parties.  This suit was brought to recover the amount due for magazines so furnished and not paid for.

The declaration was upon the contract and the common counts in assumpsit.  The defense was that many of the magazines, so furnished, were obscene and violated the law of this State and an ordinance of the city of Detroit, and, therefore, the contract was immoral, illegal, and contrary to public policy, and, being indivisible, there could be no recovery even for legitimate magazines furnished.  The circuit judge so held, and entered judgment for defendant.  The circuit judge found some of the magazines were obscene and immoral, and such finding is not questioned.

Upon appeal by plaintiff, we are asked to permit severance of the immoral magazines from the legitimate ones, and allow recovery for the latter.

No recovery can be had upon the contract, for, while valid upon its face, it permitted plaintiff to select immoral magazines and obligated defendant to pay for all magazines selected, and plaintiff did

select and furnish magazines prohibited from circulation within this State. This, however, does not decide the case, for, under the common counts, there may be recovery for the agreed prices of legitimate magazines furnished, if such are severable from the illegitimate ones. Defendant was to pay for all magazines furnished, but not in a lump sum, as each magazine carried its own purchase price. The rule in such case is well stated in 13 C. J. p. 515:

"Where the agreement consists of several promises based on several considerations, the fact that one or more of the considerations are illegal will not avoid all the promises, if those which are made on legal considerations are severable from the others. Thus, where goods are sold at a separate price for each article, and the sale of some of the articles is illegal, an action will lie nevertheless for the price of any of the other articles."

The cases cited bear out the quoted text.

In *Carleton* v. *Woods*, 28 N. H. 290, the action was assumpsit to recover for goods sold and delivered. The defendant therein contended that the contract was an entire one, that a part of the consideration was illegal, and that the plaintiff could not recover any part of the price of the articles. The court held that:

"By the contract, each article was to be separately valued. * * * The bargain was, in effect, a contract to pay for each article a price to be determined in the manner before stated. The consideration for the promise to pay for the goods is not to be regarded as one and indivisible. The sale and delivery of each article formed the consideration, in this case, for the promise to pay the price of it. The contract was divisible. * * * It was not the case of the sale of an entire stock of goods, for an entire price for the whole, without reference to the value

of the separate articles sold. Instead of that, there was in fact a particular sum agreed to be paid for each article sold. This, we think, was the legal effect of the contract. And while the separate values of the articles sold can be ascertained, as fixed by the parties, the principle is not readily seen which would defeat the right of recovery for the stipulated price of that portion, the sale of which was legal.''

To the same effect see *Boyd* v. *Eaton,* 44 Me. 51 (69 Am. Dec. 83); *Shaw* v. *Carpenter,* 54 Vt. 155 (41 Am. Rep. 837).

The court was in error in holding there could be no recovery for legitimate magazines furnished defendant. This commands reversal, for the record does not enable us to direct the judgment to be entered in the circuit court.

Defendant gave notice of rescission of the contract. At the time the contract was entered into defendant deposited with plaintiff $4,000, to stand as security. Plaintiff may recover the agreed price for legitimate magazines furnished defendant. Payments made by defendant and credited by plaintiff upon the account for legal and illegal publications may not be disturbed.

We understand that the $4,000, deposited as security, was, upon revocation of the contract, credited to defendant's account. This presents a question likely to arise on a new trial, and we, therefore, point out that no part of such sum could be employed in payment for illegal magazines, for there is a distinction between the divisibility of the contract and such security.

As stated in *Shaw* v. *Carpenter, supra,* it is a general rule that:

''If a part of the contract arises upon a good consideration, and a part of it upon a bad one, it is

divisible. But it is otherwise as to the security. That, being entire, is bad for the whole.''

However, the harshness of the rule may be mitigated. The $4,000 may be treated as security for the debt due from defendant on account of magazines, legally furnished, but not on account of the obscene magazines sold to, and not paid for by, defendant.

What we have just mentioned, while not necessary to decision, may be of aid upon the retrial, if the pleadings admit consideration thereof.

The judgment is reversed, and a new trial granted, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.