COOK *v.* WOLVERINE STOCKYARDS COMPANY.

**1.** APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO.
A judgment *non obstante veredicto* is a final judgment reviewable by general appeal rather than an appeal in the nature of mandamus; present court rules having left the remedy of mandamus unchanged.

**2.** CONTRACTS—ILLEGAL—ENFORCEMENT—RELIEF.
A court will neither enforce a contract that is illegal as against public policy nor grant relief but leave the parties where they have placed themselves.

**3.** PLEADING—AMENDMENT—DISCRETION OF COURT.
The matter of permitting amendment to a pleading rests entirely in the sound discretion of the trial court.

**4.** SAME—AMENDMENT—DISCRETION OF COURT—NEW CAUSE OF ACTION.
Trial court did not abuse its discretion in denying plaintiffs the right to amend their declaration in such a manner as amounted to the introduction of a new cause of action.

**5.** APPEAL AND ERROR—MANDAMUS—LEAVE TO APPEAL.
Appeal in nature of mandamus from order granting defendants' timely motion for judgment *non obstante veredicto* is dismissed, where leave to make such an appeal had been improvidently granted.

Appeal from Clinton; McDonald (Archie D.), J., presiding. Submitted June 7, 1955. (Calendar No. 46,420.) Decided December 28, 1955.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Appeal and Error § 103.
[2] 12 Am Jur, Contracts § 209.
[3] 41 Am Jur, Pleading § 293.
[4] 41 Am Jur, Pleading § 304.
[5] See, generally, 3 Am Jur, Appeal and Error §§ 442–447.

Action by Floyd W. Cook and Irene J. Cook against Wolverine Stockyards Company, a Michigan corporation, for damages arising from brokerage agreement and conveyances in connection with the operation thereof. Judgment for defendant *non obstante veredicto.* Plaintiffs take appeal in the nature of mandamus. Appeal dismissed.

*V. O. Braun* and *Kenneth B. Kelly,* for plaintiffs.

*Dykema, Jones & Wheat (Thomas L. Munson* and *Leo Corkin,* of counsel), for defendant.

Dethmers, J. A jury returned verdict for plaintiffs. The court entered judgment *non obstante veredicto* for defendant. We granted plaintiffs leave to appeal in the nature of mandamus. The case has come up on a settled record without bill of exceptions or settled case, defendant, as appellee, thus having been left with the alternative of assuming the burden of procuring an expensive transcript of an extended trial and, as cross appellant, preparing and noticing a proposed bill of exceptions in order to urge here the other grounds it advanced below in support of its motions for new trial and judgment *non obstante veredicto,* or waiving consideration thereof here and running the risk of reversal and entry of judgment on the verdict without determination of its other asserted grounds. *Peters* v. *Aetna Life Ins. Co.,* 282 Mich 426. The judgment *non obstante veredicto* was a final judgment which disposed of the case, and for review of which writ of error or, under present court rules which have left the character of the remedy of mandamus unchanged (*Quail* v. *Cole,* 260 Mich 642), general appeal would lie and afford the adequate and proper remedy. We are now satisfied, therefore, that leave to appeal in the nature of mandamus was improvi-

dently granted. *Cattermole* v. *Ionia Circuit Judge,* 136 Mich 274; *Skutt* v. *Kent Circuit Judge,* 136 Mich 477; *City of Flint* v. *Genesee Circuit Judge,* 146 Mich 439; *Hartz* v. *Wayne Circuit Judge,* 164 Mich 35; *Kingsley* v. *Kent Circuit Judge,* 171 Mich 305; *Trumbull Motor Car Co.* v. *Wayne Circuit Judge,* 189 Mich 554; *Lapham* v. *Wayne Circuit Judge,* 243 Mich 154.

Our granting of leave having occasioned the expense of this appeal and anticipating the possibility of application for leave to take a delayed general appeal on the same limited assignment of errors here presented if they be not now determined, we deem it appropriate to observe that we do not consider them well taken. Plaintiffs' declaration planted their right to recover on a series of transactions, all of which occurred under or in connection with an alleged agreement between plaintiff husband and defendant, by which the former agreed to buy and sell cattle for defendant but to take title in his own name for the purpose of evading the statutes, Michigan public service commission rules and taxes applicable to his transportation thereof if the truth of defendant's ownership were disclosed; also set up in the declaration as in furtherance of such scheme and as partial basis of plaintiffs' claimed right to recover, was a chattel mortgage allegedly given by plaintiffs to defendant. The trial court held that an illegal contract, against public policy, had been pleaded and that under such circumstances courts will not enforce it or grant relief thereunder but leave the parties where they have placed themselves. In this the court was correct. *Richardson* v. *Buhl,* 77 Mich 632 (6 LRA 457); *Cashin* v. *Pliter,* 168 Mich 386 (Ann Cas 1913C, 697); *Mulliken* v. *Naph-Sol Refining Co.,* 302 Mich 410; *Day* v. *Chamberlain,* 223 Mich 278; *Dettloff* v. *Hammond, Standish & Co.,* 195 Mich 117 (14 NCCA 901); *Turner* v. *Schmidt Brewing Co.,*

278 Mich 464. This is not, as plaintiffs urge, a situation, as in *Eastern Distributing Corp.* v. *Lightstone,* 257 Mich 184, in which we denied recovery under a contract consisting of several promises based on several considerations because some were illegal, but allowed recovery under the common counts on those which were legal because they were severable from the rest. Here all the transactions are alleged as a part and in pursuance of the illegal purpose and contract and all are tainted with the illegality. When the trial court pointed this out plaintiffs sought to amend their declaration to eliminate the allegations disclosing the illegality of the contract. While the meager record does not contain the proposed amended declaration, it is evident that the evidence required to support the original declaration and that necessary to prove the amended one would not be the same. Thus, the amendment represented a change in plaintiffs' theory and amounted to introducing a new cause of action. *Stowe* v. *May,* 247 Mich 566. The matter of permitting amendments rests entirely in the sound discretion of the trial court and here it did not abuse it in refusing the amendment. *Ogden* v. *Moore,* 95 Mich 290; *Kerr* v. *City of Detroit,* 255 Mich 446, and cases therein cited. Defendant's motion for judgment *non obstante veredicto* was timely made.

Appeal dismissed. Costs to defendant.

BUTZEL, SHARPE, REID, and KELLY, JJ., concurred with DETHMERS, J.

CARR, C. J., concurred in affirmance on the merits.

BOYLES, J. (*concurring in part*). I agree with Mr. Justice DETHMERS that the writ should be denied for the first reason stated in his opinion, namely, that appeal in the nature of mandamus ought not to have been allowed. In this case, a final judgment of no

cause for action was entered in the trial court on the motion by the defendant for entry of a judgment notwithstanding the jury verdict. That was a final judgment from which the plaintiffs had a right of appeal as of course. Court Rule No 57 (1945).

I am not in accord with determining the case on its merits in this appeal in the nature of mandamus. In the abbreviated record filed here, limited to the issue on an appeal in the nature of mandamus, we do not have the complete record which we would otherwise have if this were here on general appeal. Consequently, I would deny the writ and remand the case to the trial court, without prejudice to plaintiffs' right to file and have determined either a motion to set aside the judgment, a motion for entry of judgment on the verdict, a motion for a new trial, or the right to take a general appeal. In the absence of a record here on general appeal, I am unable to decide whether other grounds, if any, on which the plaintiffs relied in their declaration, were supported by testimony and properly submitted to the jury, resulting in verdict for the plaintiffs.

Appeal dismissed and remanded, without prejudice. No costs should be awarded.

SMITH, J., concurred with BOYLES, J.